UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT DAVID BECKLEY,

                v.                C.A. No. 04-10906-RWZ

BROWNING FERRIS INDUSTRIES, ET AL.,

---

ROBERT DAVID BECKLEY,

                v.                C.A. No. 04-10909-RWZ

BROWNING FERRIS INDUSTRIES, ET AL.,

ORDER ON APPLICATIONS TO
<u>PROCEED WITHOUT PREPAYMENT OF FEES</u>

May 28, 2004

ZOBEL, D.J.

On May 4, 2004, plaintiff Robert David Beckley, presently incarcerated at the Suffolk County Jail at 200 Nashua Street (referred to colloquially as the "Nashua Street Jail"), filed two applications to proceed without prepayment of fees and two complaints based on events surrounding his arrest in May 2002.

Pursuant to Section 1915(a)(2), a prisoner-litigant seeking to proceed without prepayment of fees must submit a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately proceeding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The account statement must be obtained from the appropriate official of each prison at which the prisoner is or was confined during this period. <u>Id.</u> For the convenience of litigants, the Court provides a standardized form for fee

waiver applications titled Application to Proceed Without Prepayment of Fees and Affidavit which solicits the information necessary to determine a litigant's financial status. See Application, Question 1 (directing prisoner-litigants to attach a ledger sheet from the institution(s) of incarceration showing the past 6-months' transactions).

Beckley has not submitted a trust fund account statement with either of his applications, and the Court is thus unable to make a determination concerning Beckley's indigence.  Therefore, Beckley's applications to proceed without prepayment of fees are denied without prejudice and he will be granted an additional 42-days from the date of this Order to supplement his applications with his trust fund account statements.[1]

The Clerk is directed to send Beckley two copies of the Application to Proceed Without Prepayment of Fees and Affidavit with this Order.

SO ORDERED.

/s/ Rya W. Zobel
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is further advised that pursuant to Section 1915, prisoner-litigants are only entitled to waiver of payment of the entire filing fee up-front, and are still obligated to pay the full amount of the $150.00 filing fee.  28 U.S.C. § 1915(b)(1).  When a prisoner-litigant's application to proceed without prepayment of the filing fee is granted, the Court is required to assess and collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits to the prisoner's account or (2) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1)(A), (B).  After payment of the initial partial filing fee, prisoners are required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds $10 until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).