UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10909 RWZ

ROBERT DAVID BECKLEY,
    Plaintiff,

v.

CITY OF BOSTON, et. al,
    Defendants,

**DEFENDANT CITY OF BOSTON'S, ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

NOW COMES the City of Boston, Defendant in the above-entitled action (hereinafter, 'the City'), and hereby answers the Complaint of the Plaintiff, as follows:

## INTRODUCTION

The introductory paragraph of Plaintiff's Complaint contains a statement summarizing Plaintiff's allegations contained within the numbered paragraphs of his Complaint, and thus no response is required. To the extent Plaintiff's preliminary statement states any claim against Defendant City of Boston, the statement is denied.

## JURISDICTION

1. Defendant City of Boston states that paragraph one contains the Plaintiff's statement of jurisdiction, and therefore requires no response.

2. Defendant City of Boston states that paragraph one contains the Plaintiff's statement of jurisdiction, and therefore requires no response.

## PARTIES

3. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4. Defendant City of Boston denies that it is responsible for "all injuries occasioned thereby." Defendant City of Boston admits the remaining allegations contained in paragraph four of the Complaint.

5.  Defendant City of Boston denies that Mayor Thomas Menino is responsible for "all injuries occasioned" by the City of Boston's agencies, agents, departments, and employees.  Defendant City of Boston admits the remaining allegations contained in paragraph five of the Complaint.

6.  Defendant City of Boston denies that the Boston Police Department is responsible for "the policies, procedures and practices implemented through its police force and for injury occasioned thereby."  Defendant City of Boston admits the remaining allegations contained in paragraph six of the Complaint.

7.  Defendant City of Boston denies that Defendant O'Toole is responsible for the Police Academy, and for all practices in the City of Boston.  Defendant City of Boston admits the remaining allegations contained in paragraph seven of the Complaint.

8.  Defendant City of Boston denies that Defendant Evans was responsible for the Police Academy, and for all practices in the City of Boston.  Defendant City of Boston admits the remaining allegations contained in paragraph eight of the Complaint.

9.  Defendant City of Boston admits the allegations contained in paragraph nine of the Complaint.

10. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint.

11. Defendant City of Boston states that paragraph eleven contains a statement of law to which no response is response is required.  To the extent paragraph eleven states any claim against Defendant City of Boston, it is denied.

12. Defendant City of Boston states that paragraph twelve contains an incomplete sentence, and therefore the Defendant is unable to answer the allegation.  To the extent paragraph twelve states any claim against Defendant City of Boston, it is denied.

13. Defendant City of Boston admits that an incident occurred on May 10th, 2002.  Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirteen of the Complaint.

14. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Complaint.

15. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint.

16. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Complaint.

17. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen of the Complaint.

18. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Complaint.

19. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen of the Complaint.

20. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty of the Complaint.

21. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint.

22. Defendant City of Boston states that the statement of David Anderson speaks for itself. Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty-two of the Complaint.

23. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of the Complaint.

24. Defendant City of Boston states that the Supreme Court's decision in <u>Tennessee v. Garner</u> speaks for itself, and therefore no response is required.

25. Defendant City of Boston denies the allegations contained in paragraph twenty-five of the Complaint.

26. Defendant City of Boston states the medical records attached to the Plaintiff's Complaint speak for themselves.  Defendant City of Boston admits that Massachusetts General Hospital is located in Boston, Massachusetts.

27. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Complaint.

28. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Complaint.

29. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Complaint.

30. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty of the Complaint.

31. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Complaint.

32. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two of the Complaint.

33. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-three of the Complaint.

34. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four of the Complaint.

35. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five of the Complaint.

36. Defendant City of Boston states that paragraph eleven contains a statement of law to which no response is response is required. To the extent paragraph thirty-six states any claim against Defendant City of Boston, it is denied.

37. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven of the Complaint.

### Count I – Violation of 42 U.S.C. § 1983
### Cruel and unusual punishment

Defendant City of Boston does not answer the allegations contained in paragraphs thirty-eight through forty-six of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count II – Violation of 42 U.S.C. § 1983
### Excessive use of force

Defendant City of Boston does not answer the allegations contained in paragraphs forty-seven through fifty of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count III – Violation of 42 U.S.C. § 1983
### Unwarranted search and seizure

Defendant City of Boston does not answer the allegations contained in paragraphs fifty-one through fifty-five of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count IV – 42 U.S.C. § 1983
### Refusing or neglecting to prevent

56. Defendant City of Boston re-alleges and incorporates its answers to paragraphs one through fifty-five of the Complaint as though fully set forth herein.

57. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-seven of the Complaint.

58. Defendant City of Boston does not answer paragraph fifty-eight of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph fifty-eight alleges any claim against Defendant City of Boston, it is denied.

59. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether the John Does diligently exercised duties to instruct, supervise, control and discipline on a continuing basis. Answering further, Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether the John Does had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so. Answering further, Defendant City of Boston denies the remaining allegations contained in paragraph fifty-nine of the Complaint.

60. Defendant City of Boston does not answer paragraph sixty of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph sixty alleges any claim against Defendant City of Boston, it is denied.

61. Defendant City of Boston denies the allegations contained in paragraph sixty-one of the Complaint.

62. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-two of the Complaint.

63. Defendant City of Boston does not answer the allegations contained in paragraphs sixty-three of the Complaint, as a Motion to Dismiss was filed as to the alleged liability based on respondeat superior.

64. Defendant City of Boston does not answer paragraph sixty-four of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph sixty-four alleges any claim against Defendant City of Boston, it is denied.

### Count V – Violation of Mass. Civil Rights Act, M.G.L. c. 12 § 11H

Defendant City of Boston does not answer the allegations contained in paragraphs sixty-five through seventy of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count VI – Assault

Defendant City of Boston does not answer the allegations contained in paragraphs seventy-one through seventy-five of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count VII – Battery

Defendant City of Boston does not answer the allegations contained in paragraphs seventy-six through seventy-eight of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count VIII – Intentional Infliction of Emotional Distress

Defendant City of Boston does not answer the allegations contained in paragraphs seventy-nine through eighty-six of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count IX – Violation of 42 U.S.C. § 14141
### Police Misconduct

Defendant City of Boston does not answer the allegations contained in paragraphs eighty-seven through ninety-four of the Complaint, as a Motion to Dismiss was filed as to this count.

### Count X – Reserved for negligence (until 6 months after presentment)

While this claim is not yet ripe for consideration per M.G.L. c. 258, the Defendant City of Boston answers in the interest of judicial economy as follows:

95. Defendant City of Boston re-alleges and incorporates its answers to paragraphs one through ninety-four of the Complaint as though fully set forth herein.

96. Defendant City of Boston does not answer paragraph ninety-six of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph ninety-six alleges any claim against Defendant City of Boston, it is denied.

97. Defendant City of Boston denies the allegations contained in paragraph ninety-seven of the Complaint.

98. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ninety-eight of the Complaint.

99. Defendant City of Boston does not answer paragraph ninety-nine of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph ninety-nine alleges any claim against Defendant City of Boston, it is denied.

100. Defendant City of Boston does not answer paragraph 100 of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph 100 alleges any claim against Defendant City of Boston, it is denied.

101. Defendant City of Boston does not answer paragraph 101 of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph 101 alleges any claim against Defendant City of Boston, it is denied.

102. Defendant City of Boston denies the allegations contained in paragraph 102 of the Complaint.

**Count XI – Reserved for negligent infliction of emotional distress until 6 months after presentment**

While this claim is not yet ripe for consideration per M.G.L. c. 258, the Defendant City of Boston answers in the interest of judicial economy as follows:

103. Defendant City of Boston re-alleges and incorporates its answers to paragraphs one through 102 of the Complaint as though fully set forth herein.

104. Defendant City of Boston denies the allegations contained in paragraph 104 of the Complaint.

105. Defendant City of Boston does not answer paragraph 105 of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph 105 alleges any claim against Defendant City of Boston, it is denied.

106. Defendant City of Boston does not answer paragraph 106 of the Complaint, as it contains a conclusion of law to which no response is required. To the extent that paragraph 106 alleges any claim against Defendant City of Boston, it is denied.

107. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109. Defendant City of Boston denies the allegations contained in paragraph 109 of the Complaint.

110. Defendant City of Boston does not answer paragraph 110 of the Complaint, as it contains a conclusion of law to which no response is required.  To the extent that paragraph 110 alleges any claim against Defendant City of Boston, it is denied.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Defendant answering states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the Defendant City of Boston.

### Second Affirmative Defense

The Defendant answering says that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by a person or entity over whom the Defendant City of Boston has no responsibility or control.

### Fourth Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of the Defendant City of Boston.

### Fifth Affirmative Defense

The Defendant answering states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

### Sixth Affirmative Defense

The Defendant answering states that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiff's constitutional rights.

### Seventh Affirmative Defense

The Defendant answering states that at all times relevant hereto, the City of Boston acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### Eighth Affirmative Defense

The Defendant answering states that it is a municipality against which punitive damages may not be assessed.

### Ninth Affirmative Defense

The Defendant answering states that Plaintiff has failed to comply with the presentment requirements of M.G.L. c.258.

### Tenth Affirmative Defense

The Defendant answering states that it is a public employer under M.G.L. c. 258 §1.

### Eleventh Affirmative Defense

The Defendant answering states that the alleged damages were caused in whole or in part by the Plaintiff's own negligence, wherefore recovery of the Plaintiff is barred in whole or in part, or is subject to diminution.

### Twelfth Affirmative Defense

The Defendant answering states that it is entitled to judgment for costs pursuant to M.G.L. c. 258 §11.

**Jury Claim**

Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

        Respectfully submitted,
        DEFENDANT CITY OF BOSTON
        Merita A. Hopkins
        Corporation Counsel

        By its attorneys:

/s/ Amy E. Ambarik
Amy E. Ambarik, Esq., BBO# 637348
Helen Litsas, Esq., BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4099 (Ambarik)
(617) 635-4023 (Litsas)

CERTIFICATE OF SERVICE

I, Amy E. Ambarik, hereby certify that I served Defendant City Of Boston's, Answer To Plaintiff's Complaint With Affirmative Defenses And Jury Demand, by mailing a copy, postage prepaid, to the following:

Robert David Beckley, Pro Se
277 Concord Rd.
Bedford, MA  01730

9/7/04                 /s/Amy E. Ambarik
Date                  Amy E. Ambarik