UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10909-RWZ

ROBERT DAVID BECKLEY,
    Plaintiffs,

v.

CITY OF BOSTON, BOSTON MAYOR THOMAS MENINO, in his official and individual capacities, BOSTON POLICE DEPARTMENT, Past Massachusetts Police Commissioner, PAUL F. EVANS, Present Massachusetts Police Commissioner KATHLEEN O'TOOLE, in her official and individual capacities, Boston Police Officer, JOSEPH KING, in his official and individual capacities, JOHN DOES
    Defendants.

**DEFENDANT CITY OF BOSTON'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I – III, COUNT IV (RESPONDEAT SUPERIOR THEORY), AND COUNTS V – XI PLAINTIFF'S COMPLAINT**

**I.   Introduction**

The Plaintiff brings several causes of action against the Defendant, City of Boston, and numerous others[1], alleging various civil rights, intentional torts and negligence claims stemming from an incident on May 10, 2002. Pursuant to Fed. Civ. R. 12(b)(6), the Defendant, City of Boston ("Defendant" or "City of Boston") moves to dismiss Counts I – III, Count IV (respondeat superior theory), and Counts V – XI.

The eleven counts of his Complaint consist of the following: (1) violation of 42 U.S.C.

---

[1] In total, the Plaintiff has brought suit against the following defendants: (1) City of Boston, (2) Mayor Thomas Menino, (3) Boston Police Department, (4) Commissioner Kathleen O'Toole, (5) Former Commissioner Paul Evans, (6) Boston Police Officer Joseph King, and (7) John Does - unknown police officers and supervisors of Joseph King.

1

§ 1983-cruel and unusual punishment (Count I); (2) violation of 42 U.S.C. 14141-excessive use of force; (3) violation of 42 U.S.C. 1983-unwarranted search and seizure; (4) violation of 42 U.S.C. § 1983-refusing or neglecting to prevent; (5) violation of the Massachusetts Civil Rights Act (MCRA) (Count V);  (6) assault (Count VI); (7) battery (Count VIII); (8) intentional infliction of emotional distress (Count VIII); (9) violation of 42 U.S.C. 14141-police misconduct (Count IX);  (10) negligence  (Count X); and (11) negligent infliction of emotional distress (Count X).

## II.     Factual Background

The Plaintiff's Complaint stems from an incident that occurred on May 10, 2002. The Plaintiff alleges that he was sitting unarmed in his stationary vehicle, a Buick Rendezvous, near the intersection of Bolyston and Dartmouth Streets in Boston, MA, when Boston Police Officer King shot him in the head while attempting to apprehend him. He alleges further that Officer King did not warn him either verbally or otherwise prior to discharging his 40 caliber Glock handgun.  The Plaintiff alleges further that as a result of this shooting incident, he suffered injuries, including hearing loss, vision loss, post-traumatic stress disorder and hand tremors.  Throughout his Complaint in Counts I-XI, the Plaintiff makes various allegations asserting that the Defendant City of Boston, among other defendants, was liable for Officer King's actions on May 10, 2002, predominantly on the basis of the *respondeat superior* doctrine. On May 10, 2002, subsequent to the events alleged in the Plaintiff's Complaint, the Plaintiff was arrested and later incarcerated.

## III.     ARGUMENT

### A.     Motion to Dismiss Standard of Review

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v.

Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." U.S. v. Avx Corp., 962 F.2d 108, 115 (1st. Cir. 1992).  "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions.  Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference."  Id. (citations omitted). Within this analytical framework, the Plaintiff has failed to plead facts sufficient to state a claim against the Defendant and accordingly, the Defendant's Motion to Dismiss should be granted.

    **B.**    **The City Of Boston is Entitled To Dismissal Of The Plaintiff's Claims Under 42 U.S.C. Section 1983 Because The Claims Are Not Actionable Under A Respondeat Superior Theory.**

Contrary to Plaintiff's allegations in Counts I-IV, no liability attaches to a local government merely through the theory of *respondeat superior* under 42 U.S.C. § 1983.  See Monell, 436 U.S. at 691.  A plaintiff may not impute the actions of City of Boston employees to that of the City through the doctrine of *respondeat superior*.  Id.  Rather, for liability to attach to the City under 42 U.S.C. § 1983, the plaintiff must establish that the plaintiff's alleged injury was inflicted as result of an official policy or custom of Defendant City of

3

Boston, and not merely because it employed the alleged tortfeasor. See Monell v. New York Dep't. of Social Services, 436 U.S. 658, 694 (1978); Bibbo v. Mulhern, 621 F. Supp. 1018, 1027 (D. Mass. 1985). The plaintiff must demonstrate an affirmative, causal link between the policy or custom of the municipality and the particular constitutional violation alleged. Board of County Comm's. of Bryan County v. Brown, 520 U.S. 397, 404 (1997); Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).  This requires the plaintiff to "demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Id. at 407.  "A showing of simple or heightened negligence will not suffice." Id.  Here, the Plaintiff cannot satisfy this threshold.[2]

Additionally, to establish the existence of a "custom," the plaintiff must show that it consists of those practices by Defendant City officials which are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 691. Monell also requires that the municipal custom which may serve as the basis for liability may only be created by lawmakers or "those whose edicts or acts may fairly be said to represent official policy." Id. at 694.  Evidence of an isolated incident is not adequate to show the existence of a custom.  See Bordanaro v. McCleod, 871 F.2d 1151, 1161 n.8 (1rst Cir. 1989).  Here, the Plaintiff has failed to demonstrate or allege any other similar incident or that any policymaker directed any of the alleged actions during the May 10, 2002 incident.  Furthermore, even if the Plaintiff had made such allegations, which the Defendant denies, "[p]roof of a single incident of unconstitutional activity is not sufficient to

---

[2] In Counts I-IV, the Plaintiff alleges claims based on a respondeat superior theory.  It is fundamental that for liability to attach to the City under Section 1983, the Plaintiff must plead in each claim that "[t]he existence of a policy that caused Plaintiff's injury. . . ." Strauss v. City of Chicago, 760 F.2d 765, 768 (1985).  Such allegation " is an essential part of Section 1983 liability." Id. "Without some evidence apart from the fact of employment, regardless how slight, that a policy causing Plaintiff's injury might exist, the Plaintiff simply cannot proceed in Court against the municipality." Id.  While Count IV does allege a custom or policy theory in addition to a *respondeat superior* theory, this Motion addresses Plaintiff's claim in Count IV to the extent that it is  based on the *respondeat superior* theory.

4

impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).

Absent an affirmative showing of such a custom or practice, there can be no liability against the Defendant City under Section 1983. See also City of Canton v. Harris, 489 U.S. 378 (1989); Santiago v. Fenton, 891 F.2d 373, 381-82 (1st Cir. 1989); Stratton v. City of Boston, 731 F. Supp. 42, 47 (D. Mass. 1989). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. New York City Department of Social Services, 436 U.S. at 691. "[A] single decision to take particular action, although made by municipal policymakers, cannot establish the kind of 'official policy' required by Monell as a predicate to municipal liability under §1983." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986).

In City of Canton v. Harris, the Court addressed the question of whether a "municipality can ever be held liable under 42 U.S.C. §1983 for constitutional violations resulting from its failure to train municipal employees." City of Canton v. Harris, 489 U.S. 378 (1989). The Court held that "the inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of person with whom the police come into contact." Id. at 1204. Only where such deliberate indifference to the rights of the City's inhabitants is shown in a lack of training can such a shortcoming be thought of as a city policy or custom (a deliberate or conscious choice by the City). See City of Canton v. Harris, 489 U.S. 378, 388-89 (1989); Williams v. City of Boston, 784 F.2d 430, 434-435 (1st Cir. 1986); Kibbe v. City of Springfield, 777 F.2d 801, 803 (1st Cir. 1985), cert. dismissed, 107 S.Ct. 1114 (1987); Miranda v. Munoz, 770 F.2d

255, 260 (1st Cir. 1985); <u>Kostka v. Hogg</u>, 560 F.2d 37, 40 (1st Cir. 1977); <u>see</u> <u>also</u> <u>Leite v. City of Providence</u>, 463 F.2d 585, 591 (1st Cir. 1978) ("Simple negligence is not enough, training must be non-existent or grossly, palpably and culpably neglected.")

In the instant action, there are no allegations other than the May 10, 2002 incident from which the Plaintiff alleges that the City inadequately trained its police officers. Taking every allegation of the Plaintiff's Complaint as true, which Defendant denies, it is clear that his bald assertions are not sufficient to sustain a claim for municipal liability. The applicable legal test requires the Plaintiff to show: "(1) that the governmental entity's employees engaged in a continuing, widespread, persistent pattern of conduct in violation of the constitutional standard; (2) that the governmental entity's policymaking officials, after having notice of the misconduct, remained deliberately indifferent to or tacitly authorized continuation of that misconduct; and (3) that the plaintiff was injured by continued misconduct within the persistent pattern," thus showing that the custom was a moving force behind the violation of the constitutional standard. <u>Armstrong v. Lamy</u>, 938 F. Supp. 1018 (D. Mass. 1996).

The Plaintiff has not offered any facts in his Complaint that are sufficient to satisfy this legal test, nor can he. The Plaintiff cannot articulate any facts by which Defendant City of Boston has shown "deliberate indifference" to his constitutional rights. There are absolutely no facts in this case to support the Plaintiff's allegation that Defendant maintained a policy or practice of failing to supervise or train its police officers.

The Plaintiff's Complaint is devoid of any showing of any custom, policy or practice and does not demonstrate a violation of any alleged constitutionally protected right. Therefore, no municipal liability exists against the Defendant under Section 1983, and accordingly, the Plaintiff's claims pursuant to this statute should be dismissed as a matter of law.

### C. Count I Must Also Be Dismissed Because The Eighth Amendment Is Inapplicable As It Is Designed To Protect Only Those Already Convicted Of Crimes.

In asserting a Section 1983 claim in Count I, the Plaintiff erroneously alleges that the Defendant also violated his Eighth Amendment right. The Eighth Amendment to the U.S. Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. In interpreting this language, the United States Supreme Court has stated that the Eighth Amendment was designed to protect those convicted of a crime. See Ingraham v. Wright, 430 U.S. 651, 664 (1977); Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Whitley v. Albers, 475 U.S. 312, 318 (1986). "The Eighth Amendment focuses on freedom from torture and punishments far in excess of the charged crime." Gonzalez-Mercado v. Municipality of Guaynabo, 206 F. Supp.2d 257, 260 (D.P.R. 2002). The Supreme Court has also held that force used while arresting a plaintiff does not reach the level of an Eighth Amendment violation. See Viera-Marcano v. Ramirez-Sanchez, 2002 U.S. Dist. LEXIS 19732, at *21 (D. P.R. 2002). Accordingly, an Eighth Amendment violation cannot occur until after a formal adjudication of guilt. Gonzalez-Mercado, supra at 260. Here, therefore, Count I against the Defendant is not properly analyzed under the Eighth Amendment because the Plaintiff's allegations are based on actions which occurred pre-arrest and pre-conviction. Accordingly, the Plaintiff's claim in Count I should be dismissed.

### D. This Court Must Dismiss The Plaintiff's Claim In Count V Because Claims Against Municipalities Are Not Actionable Under the Massachusetts Civil Rights Act.

It is well settled that a municipality is not a "person" for purposes of the Massachusetts Civil Rights Act. Accordingly, Count V must be dismissed as to the Defendant, City of Boston. Count V of the Plaintiff's Complaint alleges a violation by the

7

City of Boston of the Massachusetts Civil Rights Act, under M.G.L. c. 12, §11H. The Massachusetts Civil Rights Act ("MCRA") provides for a cause of action:

> "Whenever <u>any person or persons</u>, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth..."

G.L. c. 12, §11H (emphasis added).

Governing Massachusetts precedent establishes that the City of Boston cannot be held liable under the MCRA because a municipality is not a "person" covered by the MCRA. <u>Howcroft v. City of Peabody</u>, 51 Mass. App. Ct. 573, 591-592 (2001). "By the terms of G.L. c. 4, § 7, its definitions govern the construction of statutes unless a contrary intention clearly appears, and here there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions." <u>Howcroft</u>, 51 Mass. App. Ct. at 591-592. Accordingly, dismissal of Count V is warranted.

### E.    Counts VI-VIII Must Be Dismissed Because The Massachusetts Torts Claims Act Bars Recovery Against A Municipality For Intentional Torts Allegedly Committed By Public Employees.

"It is well settled law that pursuant to the Massachusetts Tort Claims Act, a public employer is immune from liability for the intentional torts of its public employees." Consolo v. George, 835 F. Supp. 49, 52 (D. Mass. 1993), (<u>citing</u> G.L. c 258, § 10 (c)). The Massachusetts Tort Claims Act, G.L. c. 258, § 10(c), expressly excludes the City of Boston from liability for claims arising out of intentional torts committed by its employees. <u>See</u> G.L. c. 258, § 10(c); <u>see</u> <u>also</u> <u>Chaabouni v. City of Boston</u>, 133 F. Supp.2d 93, 99 (D. Mass. 2001). Accordingly, because Counts VI-VIII of the Plaintiff's Complaint each involve intentional tort claims, these counts should be dismissed as a matter of law.[3]

---

[3] The intentional tort claims alleged against the Defendant City include the following: (1) assault (Count VI); (2) battery (Count VII); and (3) intentional infliction of emotional distress (Count VIII).

> **F. Dismissal of the Plaintiff's Claim Under 42 U.S.C. § 14141 Asserted in Count IX Against The Defendant City Is Also Warranted Because The Plaintiff Lacks The Requisite Standing To Sustain Such A Claim.**

The Plaintiff's claim under 42 U.S.C. § 14141 in Count IX requires dismissal because the Plaintiff does not have the requisite standing to assert such a cause of action. The statute, 42 U.S.C. § 14141, does not provide a private cause of action for the Plaintiff to bring against the Defendant. The statute at issue, 42 U.S.C. § 14141, provides the following:

(a) Unlawful conduct

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers ...that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

42 U.S.C. § 14141 (2004). In essence, the statute, "makes it illegal for law enforcement officers to engage in a pattern or practice of conduct that deprives persons of their constitutional rights," and "[e]nforcement of the statute is entrusted to the Attorney General of the United States who may proceed in a civil action to 'obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.'" National Congress for Puerto Rican Rights by Perez v. City of New York, 75 F. Supp. 2d 154, 166 (D.N.Y. 1999). Section 14141 "confer[s] standing on the United States Attorney General to obtain civil injunctive relief against governmental authorities for patterns or practices of unconstitutional police practices." United States v. City of Columbus, 2000 U.S. Dist. LEXIS 11327 (D. Ohio 2000). Moreover, a plaintiff's assertion of a private cause of action

9

under the statute has been specifically rejected: the statute "does not allow a private right of action." Batchelor v. Village of Evergreen Park, 2004 U.S. Dist. LEXIS 2868 (D. Ill., 2004). Accordingly, any claim filed by the Plaintiff under 42 U.S.C. § 14141 is not viable and must be dismissed.

All federal courts that have interpreted the statute have consistently recognized that the right to file suit rests solely with the Attorney General. Batchelor v. Village of Evergreen Park, 2004 U.S. Dist. LEXIS 2868 (D. Ill., 2004); Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 12 (D.D.C., 2001); Daniels v. City of New York, 200 F.R.D. 205, 207 (D.N.Y., 2001); United States v. City of Columbus, 2000 U.S. Dist. LEXIS 11327 (D. Ohio 2000); National Congress for Puerto Rican Rights by Perez v. City of New York, 75 F. Supp. 2d 154, 166 (D.N.Y. 1999). As one court explained, "Section 14141 of the Act provides the United States with a remedy in the form of injunctive and declaratory relief, but not damages, against systemic police misconduct. . . .Subsection (b) authorizes the U.S. Attorney General to file a civil action seeking 'appropriate equitable and declaratory relief to eliminate the pattern or practice' referenced in subsection (a)." Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 12 (D.D.C. 2001).

In Batchelder, the plaintiffs, including a pro se plaintiff, brought suit under 42 U.S.C. § 14141 and other statutes, alleging numerous civil rights violations stemming from the defendant' alleged discriminatory harassment by the defendant employees, including police officers. The plaintiffs specifically allege that the defendants "consistently treated them differently than white families in the area by, among other things, pursuing claims against them that they would not pursue against whites and telling people that plaintiffs are involved in drugs." Id. The court dismissed, inter alia, the plaintiffs' 42 U.S.C. § 14141 claim because the "statute does allow a private right of action." Id.

This reasoning applies with equal force to the Plaintiff's claim in Count XI and dictates its dismissal. As a private individual, the Plaintiff lacks the requisite standing to bring suit against the Defendant City. The statute does not confer any private cause of action to him. Exclusive authority to file suit under the statute's purview rests solely with the United States Attorney General. Accordingly, dismissal of Count XI is warranted.

## IV.  CONCLUSION

For the reasons stated above, the Defendant, City of Boston, respectfully requests dismissal of the aforementioned counts of the Plaintiff's Complaint with prejudice.

**DEFENDANT REQUESTS AN ORAL ARGUMENT FOR THIS MOTION**

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorneys:


/s/ Amy E. Ambarik
Amy E. Ambarik, Esq.
BBO# 637348
Helen G. Litsas
BBO#644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4099 (Ambarik)
(617) 635-4023 (Litsas)

CERTIFICATE OF SERVICE

    I, Amy E. Ambarik, hereby certify that I served <u>Defendant, City of Boston's Memorandum in Support of Its Motion to Dismiss</u> upon the Plaintiff by mailing a copy, postage prepaid, to:

        Robert David Beckley, Pro Se
        277 Concord Rd.
        Bedford, MA 01730

<u>9/7/04</u>                                      <u>/s/ Amy E. Ambarik</u>
Date                                           Amy E. Ambarik