UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10909-RWZ

| | |
|---|---|
| ROBERT DAVID BECKLEY,<br>      Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON, BOSTON MAYOR THOMAS MENINO, in his official and individual capacities, BOSTON POLICE DEPARTMENT, Past Massachusetts Police Commissioner, PAUL F. EVANS, Present Massachusetts Police Commissioner KATHLEEN O'TOOLE, in her official and individual capacities, Boston Police Officer, JOSEPH KING, in his official and individual capacities, JOHN DOES<br>      Defendants. | |

**DEFENDANT BOSTON POLICE COMMISSIONER'S KATHLEEN O'TOOLE
MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

## I.    Introduction

The Plaintiff brings several causes of action against the Defendant, Boston Police Commissioner Kathleen O'Toole, and numerous others[1], alleging various civil rights, intentional torts and negligence claims stemming from an incident on May 10, 2002. Pursuant to Fed. Civ. R. 12(b)(6), the Defendant, Boston Police Commissioner Kathleen O'Toole ("Defendant" or "Defendant Commissioner O'Toole") moves to dismiss all counts of

---

[1] In total, the Plaintiff has brought suit against the following defendants: (1) City of Boston, (2) Mayor Thomas Menino, (3) Boston Police Department, (4) Commissioner Kathleen O'Toole, (5) Former Commissioner Paul Evans, (6) Boston Police Officer Joseph King, and (7) John Does - unknown police officers and supervisors of Joseph King.

the Plaintiff's Complaint because she was not employed by the City at the time of the alleged incidents which are the subject of the Plaintiff's Complaint.

The eleven counts of his Complaint consist of the following: (1) violation of 42 U.S.C. § 1983-cruel and unusual punishment (Count I);  (2) violation of 42 U.S.C. 14141-excessive use of force; (3)  violation of 42 U.S.C. 1983-unwarranted search and seizure; (4)  violation of 42 U.S.C. § 1983-refusing or neglecting to prevent; (5) violation of the Massachusetts Civil Rights Act (MCRA) (Count V);  (6) assault (Count VI); (7) battery (Count VIII); (8) intentional infliction of emotional distress (Count VIII); (9) violation of 42 U.S.C. 14141-police misconduct (Count IX);  (10) negligence  (Count X); and (11) negligent infliction of emotional distress (Count X).

## II.     Factual Background

The Plaintiff's Complaint stems from an incident that occurred on May 10, 2002. The Plaintiff alleges that he was sitting unarmed in his stationary vehicle, a Buick Rendezvous, near the intersection of Boylston and Dartmouth Streets in Boston, MA, when Boston Police Officer King shot him in the head while attempting to apprehend him. He alleges further that Officer King did not warn him either verbally or otherwise prior to discharging his 40 caliber Glock handgun.  The Plaintiff alleges further that as a result of this incident, he suffered injuries, including hearing loss, vision loss, post- traumatic stress disorder and hand tremors. Throughout his Complaint in Counts I-XI, the Plaintiff makes various allegations asserting that Defendant Commissioner O'Toole, among other Defendants, is liable for Officer King's actions on May 10, 2002, predominantly on the basis of the *respondeat superior* doctrine.  On May 10, 2002, subsequent to the events alleged in the Plaintiff's Complaint, the Plaintiff was arrested and later incarcerated.  Defendant Commissioner O'Toole was not employed by the City of Boston in 2002.  Defendant

Commissioner O'Toole was appointed in 2004, two years after the incident alleged in the Plaintiff's Complaint.

## III.  Argument

### A.  Motion to Dismiss Standard of Review

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized."  U.S. v. Avx Corp., 962 F.2d 108, 115 (1st. Cir. 1992).  "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions.  Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference."  Id. (citations omitted).  Within this analytical framework, the Plaintiff has failed to plead facts sufficient to state a claim against the Defendant and accordingly, the Defendant's Motion to Dismiss should be granted.

**B.     This Court Must Dismiss The Plaintiff's Federal Civil Rights Claims In Counts I-IV Because They Are Not Actionable Against Defendant Commissioner O'Toole In Either Her Official Or Personal Capacity.**

   **1.     Dismissal Of The Plaintiff's Federal Civil Rights Claims In Counts I-IV Is Warranted Because They Are Not Actionable Against Defendant Commissioner In Her Official Capacity And Are Merely Duplicative Of The Plaintiff's Allegations Against Defendant City of Boston.**

The Plaintiff's Federal civil rights claims asserted against Defendant Commissioner O'Toole in her official capacity, in Counts I-IV, are not viable, but merely duplicate claims the Plaintiff has already asserted against the municipal defendant, City of Boston, in Counts I-IV. It is well-established that when an individual files a claim against a public official in his or her official capacity based upon a violation of 42 U.S.C. § 1983, this constitutes "only another way of pleading" an action against the public entity that the official represents. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978); Brandon v. Holt, 469 U.S. 464, 471 (1985) (official-capacity suit is . . . to be treated as a suit against entity); Kentucky v. Graham, 473 U.S. 159 (1985) (official-capacity suit not suit against official personally, for the real party in interest is entity); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989) ("suit against a public official in his or her official capacity actually a suit against entity her or she represents"). Accordingly, any claim against the Defendant in her official capacity serves as the functional equivalent of claims against the City of Boston. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Brandon v. Holt, 469 U.S. 464, 471-472 (1985); Armstrong v. Lamy, 938 F. Supp. 1018, 1035 (D. Mass. 1996); Feliciano v. Dubois, 846 F. Supp. 1033, 1043 (D. Mass. 1994); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989).

Put another way, a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents where (as is true in this case) the entity received notice and had an opportunity to respond. Brandon v. Holt, 469 U.S. 464, 471-72

(1985). Accordingly, the Plaintiff's claim against the Defendant Commissioner O'Toole in her official capacity should be dismissed.

While in Stratton v. Boston, 731 F. Supp. 42 (D. Mass. 1989), the court directed that claims which had been made against the Police Commissioner "in his official capacity" be re-captioned as being directed against the City of Boston. Stratton v. Boston, 731 F. Supp. 42, 46 (1989), this case does not require the re-captioning of the "official capacity" claims directed against the Defendant as against the City of Boston since the Plaintiff has already made the very same claims against the City in Counts I-IV. Thus, the interests of clarity and judicial economy dictate the dismissal of Counts I-IV alleged against Defendant Commissioner O'Toole in her official capacity.

> **2.  The Plaintiff's Federal Civil Rights Claims Asserted Against Defendant Commissioner O'Toole In Her Personal Capacity In Counts I-IV Must Be Dismissed Because (a) The Plaintiff Fails to Allege That The Defendant Commissioner O'Toole Was Directly and Individually Involved In Any Alleged Constitutional Violation; and (b) The Plaintiff Fails to Allege That Any Such Violation Was Committed With The Requisite State of Mind Of Deliberate Indifference.**
>
> > **a.  The Plaintiff Fails to Allege That Defendant Commissioner O'Toole Was Directly and Individually Involved In Any Alleged Constitutional Violation, as Defendant Commissioner O'Toole was not employed by the City of Boston in 2002.**

Defendant Commissioner O'Toole cannot be held individually liable in a Federal civil rights action under 42 U.S.C. § 1983 unless the Plaintiff alleges that she directly participated in the alleged constitutional violation. "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999), citing Malley v. Briggs, 475 U.S. 335, 341 (1986); Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999). "In order for a state officer to be properly brought into a suit individually under § 1983, the officer must be shown to have been in some manner personally involved in the alleged deprivation of

5

rights." Feliciano v. Dubois, 846 F. Supp. 1033 (D. Mass. 1994). Additionally, the plaintiff must prove that the defendant "possessed either the state of mind for the particular constitutional violation or deliberate indifference, and…played a causal role in plaintiff's constitutional violation." O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000). Moreover, the plaintiff must establish both subordinate liability and an "affirmative link" between the defendant's action and the constitutional violations alleged by the plaintiff. Ruiz Rivera, et al. v. Riley, 209 F.3d 24 (1st Cir. 2000), *citing* Aponte Matos v. Toledo-Davila, 135 F.3d 182, 192 (1st Cir. 1998); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). In other words, the plaintiff must establish that the misconduct of the subordinate (allegedly here, Officer King), is affirmatively linked to the supervisor's action or inaction. Here, the Plaintiff has failed to allege any such affirmative link between the alleged constitutional violation and Defendant O'Toole, as Defendant O'Toole had no personal or direct contact with the Plaintiff.

Overall, the Plaintiff's claim fails to state a viable cause of action against the Defendant Commissioner O'Toole in her individual capacity. The Plaintiff mistakenly makes his civil rights allegations based on a *respondeat superior* theory. Supervisors, however, are not liable under Section 1983 under the *respondeat superior* doctrine, Monell, supra at 694, and the *repondeat superior* doctrine cannot serve as a basis for supervisor liability. Board of County Comm'rs of Bryan Co. v. Brown, 520 U.S. 397, 403 (1997). A supervisor may only be found liable on the basis of his own acts or omissions. Guiterrez-Rodriguez v. Cartagena, 882 F.2d 553 (1st Cir. 1989). That is, "[i]t must be shown that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Id. The plaintiff must allege that the defendant was a primary actor or a prime mover behind the underlying alleged violation. Camillo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999). The plaintiff must show "direct infringement of an

6

individual's rights, or 'encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference' to constitutionally improper behavior on the part of subordinates." Britton v. Maloney, 901 F. Supp. 444, 453-454 (D. Mass. 1995). It must be shown "that the individual defendant ha[d] been literally, or constructively aware of the behavior in the first place." Id. at n.6. The Plaintiff's Complaint, however, cannot be construed as containing such allegations nor can they be given the fact that the Defendant was not even employed by the City of Boston at the time of the Plaintiff's alleged May 10, 2002 incident.

> a. **The Plaintiff Fails to Allege That Any Such Violation By Defendant Commissioner O'Toole Was Committed With The Requisite State of Mind Of Deliberate Indifference, As Defendant Commissioner O'Toole Was Not Employed By The City Of Boston In 2002.**

Here, the Plaintiff makes no factual allegation that Defendant Commissioner O'Toole had any personal or direct involvement in the alleged deprivation of his civil rights, nor does he allege or state a factual basis showing that the Defendant Commissioner O'Toole acted with the requisite deliberate indifference towards the Plaintiff. An allegation of deliberate indifference is a requisite component to any Section 1983 claim. See Britton v. Maloney, 901 F. Supp. 444, 453-454 (D. Mass. 1995). In fact, the Plaintiff does not allege that Defendant Commissioner O'Toole had any personal or direct contact of any kind with the Plaintiff neither on the day of the incident, May 10, 2002, nor at any other time. In fact, the Plaintiff is unable to make such allegations with any factual basis because at the time of the alleged incident, the Defendant was not serving as Commissioner of the Boston Police Department nor was she even employed by the City of Boston at the time of the incident. The Defendant was appointed Boston Police Commissioner in 2004, approximately two years after the Plaintiff's alleged incident. Prior to her appointment in 2004, she was last employed by the City in 1986.

Moreover, the Plaintiff alleges that the Defendant's involvement in the May 10, 2002 incident was indirect and vicarious. The Plaintiff bases his allegation on a *respondeat superior* theory which is not viable under Section 1983. The Plaintiff has failed to provide any specific factual basis for his allegation against the Defendant and has simply named the Defendant because of her current position as Commissioner of the Boston Police Department. Given these circumstances, the Plaintiff's Federal civil rights claims in Counts I-IV against asserted against the Defendant Commissioner O'Toole in her individual capacity should be dismissed.

**B.  Count I Must Also Be Dismissed Because The Eighth Amendment Is Inapplicable As It Is Designed To Protect Only Those Already Convicted Of Crimes.**

In asserting a Section 1983 claim in Count I, the Plaintiff erroneously alleges that the Defendant also violated his Eighth Amendment right. The Eighth Amendment to the U.S. Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. In interpreting this language, the United States Supreme Court has stated that the Eighth Amendment was designed to protect those convicted of a crime. See Ingraham v. Wright, 430 U.S. 651, 664 (1977); Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Whitley v. Albers, 475 U.S. 312, 318 (1986). "The Eighth Amendment focuses on freedom from torture and punishments far in excess of the charged crime." Gonzalez-Mercado v. Municipality of Guaynabo, 206 F.Supp.2d 257, 260 (D.P.R. 2002). The Supreme Court has also held that force used while arresting a plaintiff does not reach the level of an Eighth Amendment violation. See Viera-Marcano v. Ramirez-Sanchez, 2002 U.S. Dist. LEXIS 19732, at *21 (D. P.R. 2002). Accordingly, an Eighth Amendment violation cannot occur until after a formal adjudication of guilt. Gonzalez-Mercado, supra at 260. Here, therefore, Count I against the

Defendant is not properly analyzed under the Eighth Amendment because the Plaintiff's claims are based on alleged actions which occurred pre-arrest and pre-conviction. Thus, the Plaintiff's claim in Count I should be dismissed.

**C. This Court Should Dismiss The Plaintiff's Massachusetts Civil Rights Claim In Count V Because It Is Not Actionable Against Defendant Commissioner O'Toole In Either Her Official Or Personal Capacity.**

The Plaintiff has also failed to state viable claims under the Massachusetts Civil Rights Act (MCRA) against Defendant Commissioner O'Toole. The Supreme Judicial Court of Massachusetts has held that the MCRA and 42 U.S.C. § 1983 are parallel statutes, coextensive with one another. Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-23, (1985); Canney v. Chelsea, 925 F. Supp. 58, 68 (1st Cir. 1996). The courts have traditionally applied the same analytical principles governing Section 1983 claims to MCRA claims. For example, "[a]s with Section 1983 actions, the doctrine of *respondeat superior* does not apply. A claim will lie only if defendants actions directly caused harms actionable under the statute." Britton, supra at 454, citing Lyons v. National Car Rental Systems, Inc. (of Delaware), 30 F.3d 240, 245-46 (1st Cir. 1994); see also Canney v. Chelsea, 925 F. Supp. 58, 68 (1st Cir. 1996) (recognizing the Supreme Judicial Court's view that the MCRA and §1983 are parallel statutes, coextensive with each other). Accordingly, the Plaintiff's MCRA claims against the Defendant should be dismissed for the same reasons that his § 1983 claims should be dismissed, as discussed infra.

In addition to these aforementioned reasons, the Plaintiff's claim in Count V should also be dismissed because the Plaintiff has failed to satisfy the requisite elements of a MCRA claim. In order to state a MCRA claim, the plaintiff must allege the added element of the deprivation of his or her rights by threats, intimidation or coercion. G.L. c. 12, § 11H[2];

---

[2] G.L. c. 12, § 11H provides a civil cause of action: "Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by

9

see Hathaway v. Stone, 687 F. Supp. 708, 711 (1988); Bell v. Mazza, 394 Mass. 176, 182 (1985) (noting that the state legislature explicitly limited the remedy provided by § 11I to situations where the derogation of rights occurs by threats, intimidation, or coercion). Here, however, the Plaintiff has failed to do so. Nowhere in the Complaint, even when liberally construed, does the Plaintiff allege that Defendant Commissioner O'Toole at any time personally or individually threatened, intimidated or coerced him and therefore, the Plaintiff's MCRA count must fail. The fact that the Plaintiff has not alleged any personal contact between him and the Defendant and the fact the Defendant was not employed by the City of Boston at the time of the Plaintiff's alleged incident only highlights the absence of any factual basis of the Plaintiff's claims against the Defendant.

As for any official capacity claim against the Defendant Commissioner O'Toole, it must also fail because such a claim would be the functional equivalent of a claim against the City of Boston and no such claim under the MCRA is viable against the City of Boston. Governing Massachusetts precedent establishes that the City of Boston cannot be held liable under the MCRA because a municipality is not a "person" covered by the MCRA. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-592 (2001). Accordingly, the Plaintiff's claims in Count V must be dismissed.

**D.    This Court Must Dismiss Counts VI-VIII Against Defendant Commissioner O'Toole Because These Claims Mistakenly Rely On The *Respondeat Superior* Theory, Which Is Not Actionable Within The Context Of Intentional Tort Claims.**

In setting out his intentional tort claims in Counts VI-VIII,[3] the Plaintiff mistakenly relies on a *respondeat superior* theory. The plaintiff, however, misconstrues the *respondeat*

---

threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the [C]onstitution or laws of the United States or of rights secured by the constitution or laws of the commonwealth."

[3] The intentional tort claims alleged against Commissioner O'Toole include the following: (1) assault (Count VI); (2) battery (Count VII); and (3) intentional infliction of emotional distress (Count VIII).

10

*superior* doctrine.  The doctrine does not impose civil liability upon a fellow employee but upon the employer, the principal or master, for the acts of an agent or servant within the implied scope of his authority.  See <u>Dias v. Brigham Medical Associates, Inc.</u>, 438 Mass. 317 (2002) (*respondeat superior* is proposition that employer or master should be held vicariously liable for torts of its employee or servant committed within scope of employment).  While the Defendant serves presently as the Boston Police Commissioner, she does not qualify as the "employer" within the context of the respondeat superior doctrine.  <u>Cf.</u> <u>id.</u>  Moreover, as discussed <u>infra</u>, she was not even employed by the City of Boston at the time of the Plaintiff's alleged incident.  Within the contours of the doctrine, only the municipality, and not an employee, can be held liable.  <u>See</u> <u>id.</u>  Moreover, the City of Boston is free from liability because a municipality "is not liable for intentional torts of employees under a respondeat superior theory of liability."  <u>Kelley v. Laforce</u>, 288 F.3d 1, 14 (1st Cir. 2002); G.L. c. 258 § 10(c).  Accordingly, the Plaintiff's intentional tort claims against Defendant Commissioner O'Toole in Counts VI-VIII should be dismissed.

E.   **Dismissal Of Counts X And XI Is Warranted Because The Governing Massachusetts Tort Claims Act Under G.L. c. 258 Immunizes Public Employees From The Plaintiff's Claims Of Negligence And Negligent Infliction of Emotional Distress.**

This Court must dismiss the Plaintiff's claims of negligence and negligent infliction of emotional distress in Counts X and XI, respectively, which are asserted against Defendant Commissioner O'Toole in both her official and individual capacity.  The Massachusetts Tort Claims Act (MTCA) under G.L. c. 258 is the exclusive remedy for damages allegedly caused by the negligent acts or omissions by municipal employees. The MTCA, therefore, governs the Plaintiff's claims in Counts X and XI.  Under its purview, only the municipal entity can be held liable for any negligent acts of its employees.  <u>Appleton v. Town of Hudson</u>, 397 Mass. 812 (1986); <u>Pruner v. Clerk of the Superior Court in</u>

11

the County of Norfolk, 382 Mass. 309, 31 (1981); G.L. c. 258, §§1, 2.  Section 2 provides in relevant part:

> Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment…<u>no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment</u>.

G.L. c. 258 §2. (emphasis added).  Accordingly, the public employee cannot be held liable for the allegedly negligent or wrongful act or omission which gave rise to the plaintiff's claim when that act or omission occurred while the employee was acting within the scope of his office or employment. Pruner, supra at 31 (1981); G.L. c. 258, §§1, 2.

Here, as there is no allegation that the Defendant was acting outside the scope of her employment as an employee of the City of Boston, Defendant Commissioner O'Toole is immunized from the Plaintiff's claim of negligence and negligent infliction of emotional distress. As the Supreme Judicial Court has recognized, an individual "public employee" is not a proper defendant in a negligence action. See Taplan v. Town of Chatham, 390 Mass. 1, 2-3 (1983).  Accordingly, the Plaintiff's claims in Counts X and XI asserted against Defendant Commissioner O'Toole in her official and individual capacities must be dismissed.

**F.        Dismissal of the Plaintiff's Claim Under 42 U.S.C. § 14141 Asserted in Count IX Against Defendant Commissioner O'Toole Is Also Warranted Because The Plaintiff Lacks The Requisite Standing To Sustain Such A Claim.**

The Plaintiff's claim under 42 U.S.C. § 14141 in Count IX requires dismissal because the Plaintiff does not have the requisite standing to assert such a cause of action.  The statute, 42 U.S.C. § 14141, does not provide a private cause of action for the Plaintiff to

bring against the Defendant.  The statute at issue, 42 U.S.C. § 14141, provides the following:

>   (a) Unlawful conduct
>
>   > It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers ...that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.
>
>   (b) Civil action by Attorney General
>
>   > Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

42 U.S.C. § 14141 (2004).  In essence, the statute, "makes it illegal for law enforcement officers to engage in a pattern or practice of conduct that deprives persons of their constitutional rights," and "[e]nforcement of the statute is entrusted to the Attorney General of the United States who may proceed in a civil action to 'obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.'" National Congress for Puerto Rican Rights by Perez v. City of New York, 75 F. Supp. 2d 154, 166 (D.N.Y. 1999).

Section 14141 "confer[s] standing on the United States Attorney General to obtain civil injunctive relief against governmental authorities for patterns or practices of unconstitutional police practices."  United States v. City of Columbus, 2000 U.S. Dist. LEXIS 11327 (D. Ohio 2000).  Moreover, a plaintiff's assertion of a private cause of action under the statute has been specifically rejected.  The statute "does not allow a private right of action." Batchelor v. Village of Evergreen Park, 2004 U.S. Dist. LEXIS 2868 (D. Ill., 2004).  Accordingly, any claim filed by the Plaintiff under 42 U.S.C. § 14141 is not viable and must be dismissed.

The majority of Federal courts that have interpreted the statute have adhered to these principles, consistently recognizing that the right to file suit rests solely with the Attorney General.  Batchelor v. Village of Evergreen Park, 2004 U.S. Dist. LEXIS 2868 (D. Ill., 2004); Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 12 (D.D.C., 2001); Daniels v. City of New York, 200 F.R.D. 205, 207 (D.N.Y., 2001); United States v. City of Columbus, 2000 U.S. Dist. LEXIS 11327 (D. Ohio 2000); National Congress for Puerto Rican Rights by Perez v. City of New York, 75 F. Supp. 2d 154, 166 (D.N.Y. 1999).  As one court explained, "Section 14141 of the Act provides the United States with a remedy in the form of injunctive and declaratory relief, but not damages, against systemic police misconduct. . . .Subsection (b) authorizes the U.S. Attorney General to file a civil action seeking 'appropriate equitable and declaratory relief to eliminate the pattern or practice' referenced in subsection (a)."  Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 12 (D.D.C. 2001).

In Batchelder, the plaintiffs, including a pro se plaintiff, brought suit under 42 U.S.C. § 14141 and other statutes, alleging numerous civil rights violations stemming from the defendant' alleged discriminatory harassment by the defendant' employees, including police officers.  The plaintiffs specifically alleged that the defendants "consistently treated them differently than white families in the area by, among other things, pursuing claims against them that they would not pursue against whites and telling people that plaintiffs are involved in drugs."  Id.  The court dismissed, inter alia, the plaintiffs' 42 U.S.C. § 14141 claims, declaring that the "statute does allow a private right of action."  Id.

This reasoning in Batchelder applies with equal force to the Plaintiff's claim in Count XI and dictates its dismissal.  As a private individual, the Plaintiff lacks the requisite standing to bring suit against the Defendant.  The statute does not confer any private cause of action to him.  Exclusive authority to file suit under the statute's purview

14

rests solely with the United States Attorney General.   No claim is therefore viable against the Defendant Commissioner.

## IV.     Conclusion

WHERFORE the Defendant, Boston Police Commissioner Kathleen O'Toole, moves this Honorable Court to dismiss all allegations and claims against her as contained in the Plaintiff's Complaint in Counts I-XI.

**DEFENDANTS REQUEST AN ORAL ARGUMENT FOR THIS MOTION**

> Respectfully submitted,
>
> DEFENDANT, BOSTON POLICE
> COMMISSIONER KATHLEE O'TOOLE,
> Merita A. Hopkins
> Corporation Counsel
>
> By his attorneys:
>
> /s/ Amy E. Ambarik
> Amy E. Ambarik, Esq., BBO# 637348
> Helen G. Litsas, Esq., BBO#644848
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4099 (Ambarik)
> (617) 635-4023 (Litsas)

CERTIFICATE OF SERVICE

I, Amy E. Ambarik, hereby certify that I served <u>Defendant, Boston Police Commissioner Kathleen O'Toole's Memorandum in Support of Her Motion to Dismiss</u> upon the Plaintiff by mailing a copy, postage prepaid, to:

> Robert David Beckley, Pro Se
> 277 Concord Rd.
> Bedford, MA  01730

| | |
|---|---|
| 9/20/04 | /s/ Amy E. Ambarik |
| Date | Amy E. Ambarik |