UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10909-RWZ

ROBERT DAVID BECKLEY,
    Plaintiffs,

v.

CITY OF BOSTON, BOSTON MAYOR THOMAS MENINO, in his official and individual capacities, BOSTON POLICE DEPARTMENT, Past Massachusetts Police Commissioner, PAUL F. EVANS, Present Massachusetts Police Commissioner KATHLEEN O'TOOLE, in her official and individual capacities, Boston Police Officer, JOSEPH KING, in his official and individual capacities, JOHN DOES
    Defendants.

**DEFENDANT BOSTON POLICE DEPARTMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    Introduction**

The Plaintiff brings several causes of action against the Defendant, Boston Police Department, and numerous others[1], alleging various civil rights, intentional torts and negligence claims stemming from an incident on May 10, 2002. Pursuant to Fed. Civ. R. 12(b)(6), the Defendant, Boston Police Department ("Defendant" or "Boston Police Department") moves to dismiss all counts of the Plaintiff's Complaint.

The eleven counts of his Complaint consist of the following: (1) violation of 42 U.S.C. § 1983-cruel and unusual punishment (Count I); (2) violation of 42 U.S.C. 14141-excessive use of force; (3) violation of 42 U.S.C. 1983-unwarranted search and seizure; (4) violation of

---

[1] In total, the Plaintiff has brought suit against the following defendants: (1) City of Boston, (2) Mayor Thomas Menino, (3) Boston Police Department, (4) Commissioner Kathleen O'Toole, (5) Former Commissioner Paul Evans, (6) Boston Police Officer Joseph King, and (7) John Does - unknown police officers and supervisors of Joseph King.

42 U.S.C. § 1983-refusing or neglecting to prevent; (5) violation of the Massachusetts Civil Rights Act (MCRA) (Count V); (6) assault (Count VI); (7) battery (Count VIII); (8) intentional infliction of emotional distress (Count VIII); (9) violation of 42 U.S.C. 14141-police misconduct (Count IX); (10) negligence (Count X); and (11) negligent infliction of emotional distress (Count X).

## II. Factual Background

The Plaintiff's Complaint stems from an incident that occurred on May 10, 2002. The Plaintiff alleges that he was sitting unarmed in his stationary vehicle, a Buick Rendezvous, near the intersection of Bolyston and Dartmouth Streets in Boston, MA, when Boston Police Officer King shot him in the head while attempting to apprehend him. He alleges further that Officer King did not warn him either verbally or otherwise prior to discharging his 40 caliber Glock handgun. The Plaintiff alleges further that as a result of this incident, he suffered injuries, including hearing loss, vision loss, post- traumatic stress disorder and hand tremors. Throughout his Complaint in Counts I-XI, the Plaintiff makes various allegations asserting that the Defendant Boston Police Department, among other defendants, was liable for Officer King's actions on May 10, 2002, predominantly on the basis of the *respondeat superior* doctrine. On May 10, 2002, subsequent to the events alleged in the Plaintiff's Complaint, the Plaintiff was arrested and later incarcerated.

## III. ARGUMENT

### A. Motion to Dismiss Standard of Review

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra

2

USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." U.S. v. Avx Corp., 962 F.2d 108, 115 (1st. Cir. 1992).  "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions.  Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference."  Id. (citations omitted). Within this analytical framework, the Plaintiff has failed to plead facts sufficient to state a claim against the Defendant and accordingly, the Defendant's Motion to Dismiss should be granted.

    **B.**    **The Boston Police Department is Entitled To Dismissal Of The Plaintiff's Complaint Because The Boston Police Department Is Not A Separate And Independent Legal Entity And Therefore The Claims Against The Boston Police Department Are Duplicative Of The Claims Alleged Against the City of Boston.**

It is well-established that the Boston Police Department is not a suable entity.  See Henschel v. Worcester Police Department, 445 F. 2d 624 (1st Cir. 1971).  The Boston Police Department is not an independent legal entity but a department within the City of Boston, See Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989), and therefore, does not qualify as a proper party defendant to this lawsuit.  See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991).  Rather, here, the municipality, the City of Boston, is the proper defendant.  Henschel at 624.  Consequently, it is duplicative for the Plaintiff to bring

3

an action against both the Boston Police Department and the City of Boston as he has already named the City of Boston as a defendant in his Complaint. Therefore, the Plaintiff's Complaint should be dismissed as to all counts against the Boston Police Department as it fails to state a claim against it.

## IV. CONCLUSION

For the reasons stated above, the Defendant, Boston Police Department, respectfully requests dismissal of the aforementioned counts of the Plaintiff's Complaint with prejudice.

**DEFENDANT REQUESTS AN ORAL ARGUMENT FOR THIS MOTION**

Respectfully submitted,
DEFENDANT,
Merita A. Hopkins
Corporation Counsel

By its attorneys:

/s/ Amy E. Ambarik
Amy E. Ambarik, Esq.
BBO# 637348
Helen G. Litsas
BBO#644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4099 (Ambarik)
(617) 635-4023 (Litsas)

CERTIFICATE OF SERVICE

    I, Amy E. Ambarik, hereby certify that I served <u>Defendant, Boston Police Department's Memorandum in Support of Its Motion to Dismiss</u> upon the Plaintiff by mailing a copy, postage prepaid, to:

        Robert David Beckley, Pro Se
        277 Concord Rd.
        Bedford, MA  01730

<u>9/20/04</u>                                                      <u>/s/ Amy E. Ambarik</u>
Date                                                      Amy E. Ambarik