UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-10909 RWZ

ROBERT DAVID BECKLEY,
        Plaintiff,

v.

CITY OF BOSTON, et. al,
        Defendants,

**DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Now come the Defendants and respectfully move this Honorable Court to deny the Plaintiff's Motion to Amend.  As grounds for their motion, the Defendants state the following:

1.     The allowance of such a motion would unnecessarily delay litigation of this matter and will not serve the interests of judicial economy.

2.     Already the early stages of this litigation have been unnecessarily protracted by the Plaintiff's service and re-service of his extensive Complaints (containing over a 100 allegations), his Motion to Stay Order to Answer Complaint, and correspondence to the court and counsel expounding upon his failure to serve the correct Complaint upon the Defendants.

3.     Plaintiff has already received ample opportunities to file the "correct" version of his Complaint.

4.     On or about August 12, 2004, Plaintiff informed Counsel and this Court that he intended to serve the "correct" version of his Complaint.

5.     Service of this "correct" version was then effected on August 25, 2004.

6.     With this version of the Plaintiff's Complaint, the Court then established an Answer deadline for the Defendants of September 7, 2004.

7.      On that September 7, 2004 due date, Plaintiff's mother, Karen Beckley, emailed counsel for the Defendants stating that the Plaintiff intended to file an amended Complaint, and that the Judge had granted such permission to the Plaintiff.

8.      On September 7, 2004, Counsel for the Defendants contacted Jay Johnson, Docket Clerk to Judge Zobel, and inquired as to whether such permission had been granted. Mr. Johnson informed Counsel that as of September 7, 2004, the Judge had, in fact, not granted the Plaintiff such permission to file an amended Complaint.

9.      As it was the due date for the Defendant's responsive pleadings, and upon receiving the above information from the Judge's Clerk, Counsel for the Defendants complied with their respective deadlines, filing the responsive pleadings and motions to dismiss in the interest of protecting her clients' interests, rather than have the City and Mayor defaulted for lack of response.

10.     Moreover, by the September 7, 2004 date, Counsel for the Defendants had already completed substantial work into their extensive responses to the Plaintiff's pleadings to abide by the deadlines set by this Court.

11.     Accordingly, on September 7, 2004, Counsel for the Defendants filed the Defendant's extensive responsive pleadings and Answer to the Plaintiff's Complaint, containing 110 allegations and eleven counts.

12.     On September 20, 2004, the Plaintiff provided Counsel for the Defendants with Plaintiff's Motion for Leave to Amend Plaintiff's Complaint and his First Amended Complaint (now containing 119 allegations).

13.     As September 20, 2004 was also the deadline for Boston Police Commissioner Kathleen O'Toole's and former Boston Police Commissioner Paul Evans' responsive pleadings, Counsel for the Defendants had also already expended substantial time and effort into completing those Defendants' Motions to Dismiss and accompanying memoranda.

14.     At some point, the Plaintiff's right to amend and service of numerous Complaints must terminate to allow this litigation to proceed forward from this stagnant stage. "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation."  Tower Ventures, Inc. v. Westfield, 296 F.3d 43, 45 (1st Cir. 2002).

15.     The Plaintiff's lack of good faith in providing his "correct" Complaint, even after numerous opportunities, and the substantial prejudice to the Defendants, require that this Court deny the Plaintiff's Motion for Leave to Amend.  Cf. O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004).

WHEREFORE:  The Defendants respectfully requests this Honorable Court deny the Plaintiff's Motion to Amend.

Respectfully submitted,
DEFENDANTS CITY OF BOSTON, MAYOR
THOMAS MENINO, BOSTON POLICE
COMMISSIONER KATHLEEN O'TOOLE,
BOSTON POLICE COMMISSIONER PAUL
EVANS, and BOSTON POLICE DEPARTMENT
By their attorneys,

/s/ Helen G. Litsas
Amy E. Ambarik, BBO# 637348
Helen Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4099 (Ambarik)
(617) 635-4023 (Litsas)

CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon: Robert Beckley, 277 Concord Road, Bedford, MA  01730, via first class mail.

9/23/04                                    /s/ Helen G. Litsas
Date                                       Helen G. Litsas

3