UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DAVID BECKLEY, )<br>             Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF BOSTON, BOSTON MAYOR )<br>THOMAS MENINO, In his official and )<br>individual capacities, BOSTON POLICE )<br>DEPARTMENT, CITIY OF BOSTON, )<br>PAST MASSACHUSETTS POLICE )<br>COMMISSIONER PAUL EVANS, )<br>PRESENT MASSACHUSETTS POLICE )<br>COMMISSIONER KATHLEEN O'TOOLE,)<br>In her official and individual capacities, )<br>BOSTON POLICE OFFICER JOSEPH )<br>KING in his official and individual )<br>capacities, JOHN DOES, )<br>             Defendants. )<br>) | C.A. No. 04-10909 RWZ |

**DEFENDANT JOSEPH KING'S
ANSWER TO COMPLAINT**

Defendant Joseph King ("defendant") responds to plaintiff's Complaint, by

corresponding paragraph number, as follows:

<u>Introduction</u>

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegation the first sentence of the introduction.  The allegations set forth in the remainder

of the introduction are descriptive of the plaintiff's causes of action, for which no response is

required, and to the extent a response is required, denied.

## Jurisdiction

1.      The allegations set forth in paragraph 1 are descriptive of the plaintiff's basis for invoking the jurisdiction of this Court for which no response is required, and to the extent a response is required, denied.

2.      The allegations set forth in paragraph 2 are descriptive of the plaintiff's basis for invoking the jurisdiction of this court over pendant claims, for which no response is required, and to the extent a response is required, denied.

## Parties

3.      Defendant admits that plaintiff is a natural person; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4.      Defendant admits the allegations in the first sentence of paragraph 4.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 4.  Defendant admits that he, Thomas Menino, and Kathleen O'Toole are employed by the City of Boston and that Paul Evans is a former employee of the City of Boston, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous.

5.      Defendant admits that Mayor Thomas Menino is the elected mayor of the City of Boston, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.      Defendant admits the allegation in the first sentence of paragraph 6.  Defendant admits that he and Kathleen O'Toole are employed by the Boston Police Department and that Paul

Evans is a former employee of the City of Boston, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.  Defendant admits that Kathleen O'Toole is employed by the Boston Police Department and is the Police Commissioner; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.  Defendant admits that Paul Evans was a former Police Commissioner and employee of the City of Boston; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.  Defendant admits the allegations in paragraph 9, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous.

10.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.  The allegations in paragraph 11 are descriptive of the plaintiff's intention to sue defendants in their individual and official capacities, for which no response is required, and to the extent a response is required, denied.

12.  The allegations in paragraph 12 are too vague and ambiguous to allow a response and therefore defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

13.  The allegations in the first sentence of paragraph 13 are too vague and ambiguous to allow a response and therefore defendant states that he is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in that sentence. The remaining allegations in paragraph 13 are denied.

14.    Denied.

15.    The allegations in paragraph 15 are too vague and ambiguous to allow a response, therefore defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

16.    The allegation in paragraph 16 is vague and ambiguous because plaintiff does not specify a time frame and, therefore, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

17.    Defendant denies the allegation in paragraph 17 as it is written; further answering, defendant states that plaintiff received adequate warning that he was engaged in illegal, dangerous conduct.

18.    Denied.

19.    Admitted.

20.    Denied.

21.    Denied.

22.    Defendant admits that a document plaintiff purports to be a witness interview is attached to the complaint; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    The allegations in paragraph 24 advance legal conclusions for which no response is required, and to the extent a response is required, denied; further answering, defendant states that the decision cited by plaintiff speaks for itself.

25.    Defendant admits that the Boston Police Department revises its policies from time to time, including those governing the use of deadly force; further answering, defendant states that the term "within a few months" is vague and ambiguous and on those bases, denies the remaining allegations in paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    Denied.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

**Count I: Violation of 42 U.S.C. § 1983: Cruel and Unusual Punishment**

38.    Defendant repeats and incorporates his answers to paragraphs 1 to 37, above, as if fully set forth herein.

39.    Denied.

40.    The allegations in paragraph 40 do not require a response, to the extent a response is required, denied.

41.    Denied.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.    Defendant neither admits nor denies the allegations in paragraph 43, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

44.    Denied.

45.    Defendant neither admits nor denies the allegations in paragraph 45, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

46.    Denied.

The next paragraph of plaintiff's complaint concerns his prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 2: Violation of 42 U.S.C. § 1983: Excessive use of force**

47.    Defendant repeats and incorporates his answers to paragraphs 1 to 46, above, as if fully set forth herein.

48.    The allegations in paragraph 48 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

49.    Denied.

50.    Defendant neither admits nor denies the allegations in the first sentence of paragraph 50, as the allegations are not directed to him; to the extent the allegations are directed to him, denied. The remaining allegations in paragraph 50 concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 3: Violation of 42 U.S.C. § 1983: unwarranted search and seizure**

51.    Defendant repeats and incorporates his answers to paragraphs 1 to 50 above, as if fully set forth herein.

52.    The allegations in paragraph 52 advance legal conclusions for which no response is required, and to the extent a response is required, denied; further answering, defendant states that the decision cited by plaintiff speaks for itself.

53.    The allegation in paragraph 53 is vague and ambiguous because plaintiff does not specify a time frame and on those bases, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

54.    Denied.

55.    Defendant neither admits nor denies the allegations in the first sentence of paragraph 55, as the allegations are not directed to him; to the extent the allegations are directed to him, denied. The remaining allegations in paragraph 55 concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 4: 42 U.S.C. § 1983: Refusing or neglecting to prevent**

56.    Defendant repeats and incorporates his answers to paragraphs 1 to 55 above, as if fully set forth herein.

57.    The allegations in paragraph 57 advance legal conclusions for which no response is required, and to the extent a response is required, denied, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous.

58.    Defendant neither admits nor denies the allegations in paragraph 58, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

59.    Defendant neither admits nor denies the allegations in paragraph 59, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

60.    Defendant neither admits nor denies the allegations in paragraph 60, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

61.    Defendant admits that the Boston Police Department revises its policies from time to time, including those governing the use of deadly force; further answering, defendant states that the term "within months" is vague and ambiguous and on those bases, denies the remaining allegations in paragraph 61.

62.    Denied.

63.    Defendant neither admits nor denies the allegations in paragraph 63, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

64.    Defendant neither admits nor denies the allegations in the first sentence of paragraph 64, as the allegations are not directed to him; to the extent the allegations are directed to him, denied. The remaining allegations in paragraph 64 concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 5: Violation of Mass. Civil Rights Act M.G.L. c. 12, § 11H**

65.    Defendant repeats and incorporates his answers to paragraphs 1 to 64 above, as if fully set forth herein.

66.    The allegations in paragraph 66 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

67.    Denied.

68.    Denied.

69.    Defendant neither admits nor denies the allegations in paragraph 69, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

70.    Defendant neither admits nor denies the allegations in the first sentence of paragraph 70, as the allegations are not directed to him; to the extent the allegations are directed to him, denied. The remaining allegations in paragraph 70 concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 6: assault**

71.    Defendant repeats and incorporates his answers to paragraphs 1 to 70 above, as if fully set forth herein.

72.    Denied.

73.    Denied.

74.    Denied.

9

75.     Defendant neither admits nor denies the allegations in paragraph 75, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

The next paragraph concerns plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

## Count 7: battery

76.     Defendant repeats and incorporates his answers to paragraphs 1 to 75 above, as if fully set forth herein.

77.     The allegations in paragraph 77 regarding consent advance legal conclusions for which no response is required, and to the extent a response is required, denied; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff suffered serious injuries.

78.     Defendant neither admits nor denies the allegations in paragraph 78, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

## Count 8, Intentional infliction of emotional distress

79.     Defendant repeats and incorporates his answers to paragraphs 1 to 78 above, as if fully set forth herein.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83.

84.    Defendant denies the allegations in paragraph 84, pointing out that the term "intentional exclusion" is vague and ambiguous.

85.    Defendant neither admits nor denies the allegations in paragraph 85, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

86.    Denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 9: Violation of 42 U.S.C. § 14141: Police Misconduct**

87.    Defendant repeats and incorporates his answers to paragraphs 1 to 86 above, as if fully set forth herein.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Defendant neither admits nor denies the allegations in paragraph 94, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 10: Reserved for negligence (until 6 months after presentment)**

95.    Defendant repeats and incorporates his answers to paragraphs 1 to 94 above, as if fully set forth herein.

96.    Defendant neither admits nor denies the allegations in paragraph 96, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

97.    The allegations in paragraph 97 are too vague and ambiguous to allow a response and therefore defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

98.    The allegations in paragraph 98 are too vague and ambiguous to allow a response and therefore defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

99.    The allegations in paragraph 99 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

100.    Defendant neither admits nor denies the allegations in paragraph 100, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

101.    Defendant neither admits nor denies the allegations in paragraph 101, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

102.    Defendant neither admits nor denies the allegations in paragraph 102, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 11: Reserved for negligent infliction of emotional distress until 6 months after presentation**

103.    Defendant repeats and incorporates his answers to paragraphs 1 to 102 above, as if fully set forth herein.

104.    Denied.

105.    The allegations in paragraph 105 advance a legal conclusions for which no response is required, and to the extent a response is required, denied.

106.    The allegation in paragraph 106 advances legal conclusions for which no response is required, and to the extent a response is required, denied.

107.    The allegations in paragraph 107 are vague and ambiguous and on those bases are denied.

108.    Denied.

109.    Defendant neither admits nor denies the allegations in paragraph 109, as the allegations are not directed to him; to the extent the allegations are directed to him, denied.

110.    Denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury on all counts of plaintiffs' complaint so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred, wholly or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

The Complaint is barred, wholly or in part, by the doctrine of laches.

### Fourth Affirmative Defense

13

Defendant is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because he did not violate any of plaintiff's clearly established statutory or constitutional rights.

### Fifth Affirmative Defense

Defendant is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because all of his actions were objectively reasonable.

### Sixth Affirmative Defense

Defendant is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because a reasonable police officer in his position would not have believed that his actions violated any of plaintiff's clearly established rights.

### Seventh Affirmative Defense

As a police officer, defendant is immune from liability in his official capacity.

### Eighth Affirmative Defense

Defendant's actions were lawful because he had reasonable cause for his conduct.

### Ninth Affirmative Defense

Defendant's actions were lawful because he had probable cause for his conduct.

### Tenth Affirmative Defense

Defendant, in whole or in part, is immune from liability for his conduct because he had a good faith belief in the legality of his conduct.

### Eleventh Affirmative Defense

Defendant cannot be found liable for common law torts because plaintiff failed to comply with the presentment requirements of G.L. c. 258.

14

### Twelfth Affirmative Defense

Plaintiff's injuries, if any, were brought about as a result of his own criminal conduct.

### Thirteenth Affirmative Defense

No action or inaction on the part of defendant was the legal or proximate cause of any alleged violation of the plaintiff's clearly established constitutional rights.

### Fourteenth Affirmative Defense

Plaintiff has not alleged a viable claim under the 8th Amendment for cruel and unusual punishment.

### Fifteenth Affirmative Defense

Defendant has not been deprived of any rights, privileges, or immunities guaranteed under the Constitutions or laws of the United States or the Commonwealth of Massachusetts.

### Sixteenth Affirmative Defense

Plaintiff does not have standing to prosecute a claim pursuant to 42 U.S.C. § 14141.

### Seventeenth Affirmative Defense

Plaintiff failed to mitigate his damages.

### Eighteenth Affirmative Defense

Plaintiff has not alleged a viable claim under the 8th Amendment for cruel and unusual punishment.

### Nineteenth Affirmative Defense

Plaintiff has not alleged a viable claim under the 4th Amendment for unlawful search and seizure.

### Twentieth Affirmative Defense

No action or inaction on the part of defendant was the legal or proximate cause of any alleged damages plaintiff claims.

### Twenty First Affirmative Defense

Defendant did not breach any duty of care owed to plaintiff.

Defendants reserve the right to amend their Answer and add additional affirmative defenses as discovery and investigation may warrant.

**WHEREFORE**, Defendant requests this Court to dismiss this action in its entirety and enter judgment, with costs and attorneys' fees, for the defendants together with such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

JOSEPH KING,

By His Attorneys,

/s/ Joseph L. Edwards, Jr.
Walter B. Prince (BBO #406640)
Joseph L. Edwards, Jr. (BBO #564288)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

Dated:  September 30, 2004

CERTIFICATE OF SERVICE

I, Joseph L. Edwards, Jr., hereby certify that I have served a copy of the foregoing document on Robert David Beckley by mailing the same to him at 277 Concord Rd., Bedford, MA, 01730 this 30th day of September, 2004.


/s/ Joseph L. Edwards, Jr.