UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10909 RWZ

ROBERT DAVID BECKLEY,
    Plaintiff,

v.

CITY OF BOSTON, et. al,
    Defendants,

## DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S EMERGENCY MOTION FOR RESTRAINING ORDER

Now comes the Defendant and respectfully moves this Honorable Court to deny the Plaintiff's Emergency Motion for Temporary Restraining Order. The Plaintiff seeks to restrain the Boston Police Department[1] from using the Boston Police Department's firearms in its lawful efforts to ensure the safety of its police officers and the general public. As grounds for its Opposition, the Defendant states the following: (1) the Plaintiff lacks the requisite standing to bring such a motion; and (2) the Plaintiff has failed to establish the "extraordinary circumstances" required to justify federal court intrusion upon the internal affairs and operations of a government agency such as the Boston Police Department. Accordingly, the Plaintiff's Motion should be denied.[2]

---

[1] While the Defendant, City of Boston, recognizes that the Plaintiff's motion against the BPD is essentially a motion against the Defendant, City of Boston, it does not concede that the Boston Police Department is a suable entity. See Henschel v. Worcester Police Department, 445 F. 2d 624 (1st Cir. 1971); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989) (recognizing that BPD is not an independent legal entity but a department within the City of Boston). In the interest of efficiency and for purposes of this Motion, it is recognized that the proper defendant to the Plaintiff's Motion is the Defendant, City of Boston.

[2] In his Motion for a Temporary Restraining Order, the Plaintiff also makes ambiguous mention of seeking a Preliminary Injunction. For the sake of brevity, the Defendant states that the same reasons for this Court's denial of the Plaintiff's Motion for a Temporary Restraining Order apply with equal force to this Court's denial of his request for a Preliminary Injunction.

I. **Background**

In his Motion for a Temporary Restraining Order, the Plaintiff seeks to restrain the Defendant, Boston Police Department ("BPD"), "from discharging their firearms unless fired upon first due to their repetitive unlawful excessive use of firearms as crowd control, inter alia, as was the case Wednesday 10-20-04, when a Boston Police Officer discharged a firearm in to [sic] a crowd striking a poor innocent 21 year old girl was a college student at Emerson College, killing her . . . ."  The Plaintiff alleges further that employees of the BPD "have continued to fire at innocent, and non-threatening people despite changes in their policy on the use of deadly force  . . . ." and then asserts that an emergency temporary retraining order is necessary to prevent further irreparable harm "such as the loss of the poor young girl last Wednesday."  The Plaintiff also contends that the BPD's "unlawful use of deadly force is the cause of action in the case at bar."  The Plaintiff states further that such an Order functions as "the least intrusive way to intervene as apparently no sum of money paid out due to prior suits has deterred their actions."  Additionally, the Plaintiff states that he did not provide the Defendant with notice of his Motion for a Temporary Restraining Order because in his view, such notice would be "futile."  To date, the Plaintiff has not provided the Defendant with notice of its Motion.[3]

II. **The Plaintiff Lacks The Requisite Standing To Bring His Motion For a Temporary Restraining Order Against The Defendant, The Boston Police Department.**

Here, the Plaintiff fails to establish the prerequisite of standing to assert his claim. Article III, Section 2 of the Constitution requires that a party have standing to maintain an action in federal court. See Raines v. Byrd, 521 U.S. 811, 818 (1997).  "Article III standing imposes three fairly strict requirements." People to End Homelessness, Inc. v. Develco Singles Apartments Ass'n, 339 F.3d 1, 8 (1st Cir.  2003), including the following:  (1) a personal injury

---

[3] In an effort to expedite the ruling on the Plaintiff's Motion, the Defendant is responding per the electronic notice of the Plaintiff's filing received on October 29, 2004.

2

suffered by the plaintiff that is (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief.  See <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984). The burden therefore falls upon the party invoking federal jurisdiction, here the named plaintiff, to meet each of the standing requirements.  See <u>FW/PBS, Inc. v. City of Dallas,</u> 493 U.S. 215, 231 (1990).  "The responsibility for 'clearly and specifically setting forth facts sufficient to satisfy the Article III standing requirements' rests with the claimant."  <u>Adams v. Watson</u>, 10 F.3d 915, 919 (1st Cir. 1993), quoting <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 155-56 [1990]).  This the Plaintiff has failed to do.

      **A.**      **The Plaintiff Has Failed To Establish The Requisite Standing Because He Has Not Demonstrated Any Personal Injury Entitling Him To Injunctive Relief.**

The Plaintiff has not alleged nor has he established any actual "personal injury."  To demonstrate the requisite standing, the Plaintiff himself must have experienced some "injury in fact," that is, an invasion of a legally protected interest that is both concrete and particularized, and actual and imminent.  See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). The Plaintiff must establish that he "'has sustained or is immediately in danger of sustaining some direct injury' . . . [that] must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" <u>Boston's Children First v. Boston Sch. Comm.</u>, 183 F. Supp. 2d 382, 393 (D. Mass. 2002), quoting <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983) (omitting footnote). Nowhere in the Plaintiff's Motion for a Temporary Restraining Order, however, does the Plaintiff assert that he personally has suffered any injury, whether from the discharge of a firearm or from any other means.  Rather, the Plaintiff's Motion references only in general terms the BPD's use of firearms and then ambiguously asserts that the BPD's "unlawful use of deadly force is the cause of action in the case at bar."  The only specific allegations of an actual injury

contained within the Plaintiff's Motion for a Temporary Restraining Order refer to an incident that did not involve the Plaintiff, but rather, allegedly involved a third party not part of this litigation. Moreover, the Plaintiff fails to identify any relationship between himself and this third party. Simply put, the Plaintiff fails to establish any alleged injury he personally suffered.

Additionally, strikingly absent from the Plaintiff's Motion are the unsubstantiated allegations asserted in his Complaint that he was involved in an incident on May 10, 2002 when a BPD officer allegedly unlawfully discharged his firearm and allegedly struck him. Even if such allegations were made in his Motion, however, they would be insufficient to establish the requisite standing. To receive injunctive relief, allegations of a past injury do not satisfy the threshold requirement of standing. Lyons, supra at 95-96. "[P]ast exposure to harm will not, in and of itself, confer standing upon a litigant to obtain equitable relief absent a sufficient likelihood that he will again be injured in a similar way." Am. Postal Workers Union v. Frank, 968 F.2d 1373, 1376 (1st Cir. 1992). Here, the Plaintiff makes no allegation nor does he demonstrate a sufficient likelihood of suffering a similar alleged injury in the future. Even if he made such an allegation, the Plaintiff's current incarceration flies in the face of any likelihood that he would suffer a similar alleged injury.

> B. **The Plaintiff Has Failed To Establish The Requisite Standing Because He Has Not Demonstrated Any Likelihood Of Suffering Personal Harm In The Future.**

The Plaintiff has also failed to show that he is "likely to suffer future injury from the [discharge of firearms] by police officers." Lyons, supra at 105. He does not describe the nature of this harm nor does he establish when and to whom this harm will occur. Rather strikingly, he makes no allegations that he will suffer injuries in the future, but only ambiguously alleges that an injunction is necessary "to prevent future irreparable harm such as the loss of the poor young

4

girl last Wednesday."  The Plaintiff has not established "the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." O'Shea v. Littleton, 414 U.S. 488, 502 (1974).  "It is not enough for a plaintiff to assert that he or she 'could be" subjected in the future to the effects of an allegedly unconstitutional policy - the prospect of harm must have an 'immediacy and reality.' " Boston's Children First v. Boston Sch. Comm., 183 F. Supp. 2d 382, 394 (D. Mass. 2002), quoting Golden v. Zwickler, 394 U.S. 103, 109 (1969).

     No such immediacy or reality has been demonstrated nor can it be demonstrated given the Plaintiff's present incarceration.  Here, the Plaintiff references only the prospect of "irreparable harm" generally without identifying himself or any other individual as the likely candidate for suffering such harm.  It is axiomatic that in seeking an injunction, "the relief requested must be personal to the plaintiff." Id.  That is, "a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of [government officials] are unconstitutional." Id., quoting Lyons, 461 U.S. at 111.  Here, the Plaintiff's Motion amounts to essentially that ---a mere general assertion that the BPD's firearms practices are unlawful.  The Plaintiff makes no request for relief that is personal to him, but utilizes his Motion to merely voice his personal and general opposition to BPD firearm practices.  Without making the requisite showing of how BPD firearms practices have harmed him personally, or will harm him in the future, the Plaintiff has failed to establish the requisite elements of standing under Article III.  Accordingly, the Plaintiff's Motion for a Temporary Restraining Order must be denied.

**III.     The Plaintiff Has Failed To Establish The Requisite "Extraordinary Circumstances" Entitling Him To Injunctive Relief, and Accordingly, His Motion For a Temporary Restraining Order Against The Defendant Must Be Denied.**

In addition to all of these failures, the Plaintiff has not demonstrated the requisite "extraordinary circumstances" to justify the court's intrusion upon the internal affairs of the BPD.  "[I]t has long been held that an injunction is 'to be used sparingly, and only in a clear and plain case.' "  Rizzo v. Goode, 423 U.S. 362, 379 (1976) (omitting citation) (holding that the lower court's "injunctive order . . . significantly revising the internal procedures of the Philadelphia police department, was indisputably a sharp limitation on the department's 'latitude in the dispatch of its own internal affairs" and therefore improper).  Here, the Plaintiff has not established any such "clear and plain case" entitling him to relief; in fact, his Motion, as discussed infra, establishes just the contrary:  a clear and plain case that his request for relief be denied.

Moreover, the governing principles of federalism require that his Motion be denied.  As the Supreme Court has instructed, "the principles of federalism which play such an important part in governing the relationship between federal courts and state governments . . . . have applicability where injunctive relief is sought, not against the judicial branch of the state government, but against those in charge of an executive branch of an agency of state or local governments such as [the supervisory officials of a municipal police department and the defendant police department here]."  Id. at 380.  Such principles of equity "militate heavily against the grant of an injunction except in the most extraordinary circumstances."  Id.   That is, "[w]hen a plaintiff seeks to enjoin the activity of a government agency, even within a unitary court system, his case must contend with 'the well-established rule that the Government has

6

traditionally been granted the widest latitude in the 'dispatch of its internal affairs.' " Id. Unquestionably, such latitude must be given to the BPD, particularly here when the Plaintiff has not established the requisite standing to bring his Motion nor has he established the requisite "extraordinary circumstances" entitling him to relief. To intrude upon the internal operations of the BPD and interfere with its use of firearms, an essential tool for its law enforcement and safety initiatives, would not only violate these enunciated federal principles, but also jeopardize the safety of the BPD's officers and of the public at large. The BPD seeks to protect the life and property of the public, to preserve the constitutional rights of every citizen, and to vigorously enforce the laws of the United States of America and the Commonwealth of Massachusetts. To intrude upon the BPD's use of its firearms would significantly hamper these goals and unnecessarily risk the effectiveness of the BPD as well as the safety of the BPD officers and the public. Here, the Plaintiff has failed to make any showing justifying such an extraordinary intrusion upon the BPD.

## IV.  Conclusion

Based on the foregoing reasons, the Defendant requests that this Court deny the Plaintiff's Motion for a Temporary Restraining Order.

    Respectfully submitted,
    DEFENDANT CITY OF BOSTON
    By its attorneys,

    /s/ Helen Litsas
    Helen Litsas, BBO# 644848
    Amy E. Ambarik, BBO# 637348
    Assistant Corporation Counsel
    City of Boston Law Department
    Room 615, Boston City Hall
    Boston, Massachusetts 02201
    (617) 635-4023 (Litsas)
    (617) 635-4099 (Ambarik)

## CERTIFICATE OF SERVICE

    I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon: Robert Beckley, 277 Concord Road, Bedford, MA 01730, via first class mail.

| | |
|---|---|
| <u>11/3/04</u> | <u>/s/ Helen G. Litsas</u> |
| Date | Helen G. Litsas |

8