UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10906-RWZ

ROBERT BECKLEY

v.

BROWNING FERRIS INDUSTRIES, et al.

and

CIVIL ACTION NO. 04-10909-RWZ

ROBERT BECKLEY

v.

CITY OF BOSTON, et al.

MEMORANDUM OF DECISION

March 2, 2005

ZOBEL, D.J.

Robert Beckley, a pro se plaintiff, has filed two lawsuits against two sets of defendants, one allegedly involved at the beginning and the other, at the end, of the same series of events. According to the complaints, plaintiff had a minor motor vehicle accident on the evening of May 10, 2002, in Boston, Massachusetts. Peter Hutchings ("Hutchings"), a truck driver for Browning Ferris Industries of North America ("BFI"), witnessed the accident and, thereafter, stepped out of his truck, grabbed plaintiff by the arm, and threatened to use the gun in his truck if plaintiff did not immediately leave the area. Plaintiff fled in his car. Hutchings then followed plaintiff through the streets of Boston. Plaintiff at some point parked his car, intending to find a police officer, but

Hutchings appeared and verbally threatened him again.  Plaintiff returned to his car and drove off in his continuing attempt to escape Hutchings.  Plaintiff acknowledges that in his panic, he drove erratically.  When he finally found a police officer, he stopped and the officer, Joseph King, shot him in the head in an apparent attempt to apprehend him.  Plaintiff alleges that Officer King stood 10 to 15 feet away from him and did not issue any type of warning before pulling the trigger.

As a result of these events, plaintiff suffered mental anguish and physical injuries.  He was also charged criminally and received multiple traffic citations.  He states that he spent a week in jail, had to pay fines, lost his driver's license, and faced increased car insurance rates.

I.      Plaintiff's First Lawsuit

Plaintiff filed an eight count complaint against defendants BFI Division of North America ("BFI"), Gino Dugan (Hutchings' supervisor at BFI), Thomas Van Weelden (Chief Executive Officer of BFI), John Does (all supervisors and managers responsible for training Hutchings) (collectively the "BFI defendants"), and Peter Hutchings.  (Civil Action No. 04-10906-RWZ).  The BFI defendants move to dismiss all counts, and defendant Hutchings moves to dismiss Counts One and Six.

Plaintiff asserts that the BFI defendants are liable for Counts Two through Eight under theory of respondeat superior.  Under respondeat superior, an employer is liable for the torts of its employee committed in the scope of employment.  Dias v. Brigham Medical Associates, Inc., 780 N.E.2d 447, 449 (Mass. 2002).  Conduct will be considered to be "in the scope of employment" if it is the type the employee was hired

to perform, it occurred within the authorized time and space limits of the job, and the employee is motivated at least in part to serve the employer. Worcester Insur. Co. v. Fells Acres Day School, Inc., 558 N.E.2d 958, 967 (Mass. 1990).[1]  Assaults that stem from or directly relate to frustration of the employee's ability to perform his job responsibilities may be deemed acts within the scope of employment. Id.

Here, after Hutchings witnessed a car accident between plaintiff and a third party, he threatened and chased plaintiff as he attempted to flee. Although Hutchings was on duty at the onset of the incident, pursuit of plaintiff was not part of his job nor was it done to further his employer's interests.[2] In giving chase, Hutchings simply abandoned his job responsibilities. Defendant Gino Dugan cannot be held vicariously liable since he is a co-employee of Hutchings. Because Hutchings' actions were not within the scope of his employment, the other BFI defendants cannot be held vicariously liable for his alleged misconduct.  The BFI defendants' Motion to Dismiss is allowed as to Counts Two through Eight.

The BFI defendants also move to dismiss Count One, which alleges that they were "[a]cting under color of law, and pursuant to official law, policy, or custom, recklessly, or with gross negligence, failed to instruct, supervise, control, and discipline

---

[1] There are exceptions to this general rule, but none of them apply to the facts of this case nor does plaintiff assert that they do. See Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 756 (1998) (quotation marks and citations omitted).

[2] In his opposition, plaintiff attempts to rely on the Statement of Peter Hutchings given to Detective William Dunn of the Boston Police Department, attached as Exhibit One. However, the Court will not consider facts outside of the Complaint on a motion to dismiss.

3

[Hutchings] on a continuing basis" in violation of 42 U.S.C. § 1983 ("Section 1983"). Compl. at ¶ 29. Section 1983 imposes liability on anyone who acting "under color of any statute, ordinance, regulation. . . of any State. . ." violates the Constitutional rights of a citizen. 42 U.S.C. § 1983. Nowhere in the Complaint does plaintiff allege that the BFI defendants are state actors; instead, he contends that they are "subject to the color of statute [sic], laws, customs, and regulations of the City of Boston, Commonwealth, BFI, and the U.S.A." Compl. at ¶ 4. To the extent that plaintiff is arguing that the BFI defendants are state actors by virtue of a contractual relationship between BFI and the City of Boston, he has not alleged any facts to support such assertion. Compl. at § 4.

Where the actions of a private company, such as BFI, are in controversy, the issue is whether the alleged infringement of rights is "fairly attributable to the State[.]" Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)(citation and quotation marks omitted). Such determination is subject to a three-part inquiry:

> (1) whether there was a sufficient nexus between the state and the private actor which compelled the private actor to act as it did; (2) whether the private actor has assumed a traditionally public function; and (3) whether there is a sufficient 'symbiotic relationship' between the state and the private actor so that the state may be recognized as a joint participant in the challenged activity.

Tynecki v. Tufts University School of Dental Medicine, 875 F. Supp. 26, 31 (D. Mass. 1994)(citation omitted). A sufficient nexus between the state and the private actor exists where the state either exercises "coercive power" over the private actor or provides such encouragement to the private actor that the action is attributed to the state. Rendell-Baker, 457 U.S. at 840 (citation omitted). Here, plaintiff does not allege

4

that the Commonwealth coerced or encouraged Hutchings to take the actions that he did; instead he alleges that "Defendants BFI, CEO, and John Does directly or indirectly under color of law approved" Hutchings' conduct.  Compl. at ¶ 31.  Under the second part of the inquiry, a private actor may be deemed a state actor when the government delegates functions that are "traditionally the *exclusive* prerogative of the state." Tynecki, 875 F. Supp. at 31 (citations and quotation marks omitted).  Here, plaintiff does not specify what the City hired BFI to do.  Finally, there is nothing to support the notion that the Commonwealth was a joint participant in Hutchings' chase of the plaintiff.  Because the BFI defendants cannot be deemed state actors, Count One is dismissed as against them.[3]

    Likewise, defendant Hutchings' motion to dismiss Counts One and Six (both alleging violations of Section 1983) is allowed.  In his opposition papers, plaintiff concedes that Hutchings was acting as a "private citizen" and that instead of waiting for a Boston Police Officer, he "decided to take matters into his own hands, thereby becoming a vigilante."  Pl.'s Opp'n.  Although plaintiff argues elsewhere in his opposition that Hutchings acted as a police officer or acted jointly with the Boston Police, plaintiff has not offered any facts supporting this assertion.  Thus, a Section 1983 claim does not lie, and Counts One and Six are dismissed.

II.    Plaintiff's Second Lawsuit

    Plaintiff filed another suit against the City of Boston (the "City"), Mayor Thomas

---

[3] It is unclear whether plaintiff intended to include defendant Dugan in Count One.  In any case, the reasoning also applies to defendant Dugan, and Count One is dismissed against him as well.

Menino, the Boston Police Department, Boston Police Commissioner Kathleen O'Toole, former Boston Police Commissioner Paul Evans, John Does, who were supervisors of Officer Joseph King, and Officer King himself. (Civil Action No. 04-10909-RWZ). All the defendants, except Officer King, move to dismiss. In response, plaintiff filed a motion to amend the Complaint, which defendants oppose.

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A plaintiff's motion to amend should be denied if there is undue delay, bad faith, dilatory motive, or the amendment is futile. Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995). In the instant case, after suit was filed, defendants sought and received an extension of time to file their answer by August 27, 2004. Plaintiff then served a corrected version of his Complaint, which the City answered on September 7, 2004, a week and a half after the original response date. On the same day, the City and Mayor Menino moved to dismiss the Complaint. Ten days later, on September 17, 2004, plaintiff moved to amend his Complaint. Contrary to defendants' assertions, there has been no undue delay or evidence of bad faith in this case. Plaintiff's motion to amend is allowed.

The Second Amended Complaint alleges eleven counts. The City moves to dismiss all claims under Section 1983, namely, Counts One, Two, Three, Four and Nine. "[T]he touchstone of [a] § 1983 action against a government body is an allegation that official policy [or custom] is responsible for a deprivation of rights protected by the Constitution[.]" Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 690 (1978). A plaintiff may bring a Section 1983 claim against a

6

municipality grounded in failure to train only where such failure amounts to "deliberate indifference" to individual rights and is "closely related" to or "the moving force" behind the constitutional injury. Chaabouni v. City of Boston, 133 F. Supp. 2d 93, 99 (D. Mass. 2001) (citation and quotation marks omitted). To properly allege failure to train, plaintiff must show either that "(1) the City knew when it hired the officers that the risk of future constitutional violations due to the use of excessive force was 'so obvious' that its failure to train him would likely result in continued violations, or (2) the City subsequently learned of a serious incident, yet took no action to provide the necessary training." Id. at 100. A single incident of alleged police misconduct on its own does not allow an inference of a policy of inadequate training. See Kibbe v. City of Springfield, 777 F.2d 801, 805 (1st Cir. 1985).

In Counts One, Three, Four, and Nine, plaintiff contends that the City is liable under Section 1983 "as a result of [its] failure to supervise, train, discipline defendants on an ongoing basis, and for [its] failure to promulgate and enforce policy's [sic] and customs to curtail the wanton conduct of officer Joseph King." Compl. at ¶ 54, ¶ 64, ¶ 72, and ¶ 103. Plaintiff's reliance on a single incident of alleged police misconduct is inadequate to support an inference of inadequate police training. Count Two also alleges a Section 1983 violation and claims that the City is liable under theory of respondeat superior. However, the City cannot be liable under such theory. See Monell, 436 U.S. at 691 (a municipality cannot be liable under Section 1983 "*solely* because it employed a tortfeasor – or, in other words, a municipality cannot be held

liable under § 1983 on a *respondeat superior* theory."). Counts One,[4] Two, Three, Four, and Nine are dismissed as to the City.

All remaining counts against the City are also dismissed. Count Five, alleging a violation of the MCRA, is dismissed against the City because the Act does not apply to a municipality. Howcroft v. City of Peabody, 747 N.E.2d 729, 744 (Mass. App. Ct. 2001). Likewise, Counts Six, Seven, and Eight, alleging assault, battery, intentional infliction of emotional distress, respectively, cannot be maintained. See Consolo v. George, 835 F. Supp. 49, 52 (D. Mass. 1993)("It is well settled law that pursuant to the Massachusetts Tort Claims Act, a public employer is immune from liability for the intentional torts of its public employees."). Counts Ten and Eleven allege negligence and negligent infliction of emotional distress, respectively. Under Mass. Gen. Laws ch. 258, § 4,

> A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail . . . . The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented . . . shall be deemed a final denial of such claim.

Although plaintiff states that he is reserving Counts Ten and Eleven until six months after presentment, he does not assert that he presented his claims to the City before

---

[4] Count One also alleges that plaintiff's Eighth Amendment rights were violated. However, the Eighth Amendment proscription against cruel and unusual punishment applies to those convicted of crimes. See Ingraham v. Wright, 430 U.S. 651, 664 (1977). Because plaintiff's Complaint focuses on events occurring before any conviction, he cannot sustain his Eighth Amendment claims.

filing the instant lawsuit. Counts Ten and Eleven are dismissed.[5]

The motion of defendants Mayor Thomas Menino, Police Commissioner Kathleen O'Toole, and former Police Commissioner Paul Evans (collectively, the "City Individuals") to dismiss Counts One through Four and Count Nine in their official capacities is allowed since such suits "generally represent only another way of pleading an action against an entity of which an officer is an agent[.]" Monell, 436 U.S. at 691 n.55. Here, defendants are agents of the City, and plaintiff already alleged these claims against the City. Counts One through Four and Count Nine against the City Individuals in their individual capacities are also flawed. Liability of a defendant sued under Section 1983 in an individual capacity requires personal involvement in the alleged deprivation of rights. See Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Plaintiff has not identified any specific actions taken by any of these defendants.[6] See Feliciano v. Du Bois, 846 F. Supp. 1033, 1045 (D. Mass. 1994) ("[A] defendant supervisor cannot be held liable for the constitutional violations of a subordinate merely by virtue of the defendant's status as supervisor.")

Count Five claims a violation of the MCRA, which provides a cause of action against those who "by threats, intimidation or coercion" interferes with another's rights under the constitution, federal law or state law. Mass. Gen. Laws. ch. 12 Sec. 11I. However, an MCRA claim "will lie only if defendant's actions directly caused harms

---

[5] All counts against the City could be dismissed on this basis; however, the Court has addressed the other counts on the merits.

[6] Commissioner O'Toole points out that she was not even a city employee at the time of the incident.

actionable under the statute." Britton v. Maloney, 901 F. Supp. 444, 453 (D. Mass. 1995). Again, plaintiff has not alleged any specific actions by these defendants. Therefore, Count Five is dismissed.

Counts Six through Eight, which allege assault, battery, and intentional infliction of emotional distress, respectively, against the City Individuals under theory of respondeat superior are dismissed. As noted above, under the doctrine of respondeat superior, an employer is vicariously liable for the torts of its employees if committed within the scope of their employment. Dias v. Brigham Medical Associates, Inc., 780 N.E.2d 447, 449 (Mass. 2002). The alleged tortfeasor in this case was Officer King, who was employed by the City – not the City Individuals. The latter, therefore, cannot be liable.

The remaining counts (Ten and Eleven) alleging negligence and negligent infliction of emotional distress are also dismissed. Under the Massachusetts Tort Claims Act, "[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment. . . ." Mass. Gen. Laws ch. 258, § 2. Again, because none of the City Individuals is the public employer of Officer King, none can be held liable for Officer's King's alleged negligence. See Lewis v. City of Boston, 829 F. Supp. 471, 473 n.2 (D. Mass. 1993) ("A municipality may be held liable under [Mass. Gen. Laws ch. 258, § 2] for the negligence of one of its police officers."). Counts Ten and Eleven are dismissed.

Defendant Boston Police Department moves to dismiss all counts against it

because it is not a "suable entity." Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971). "If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city[.]" Id.  Plaintiff has sued the City. All counts against the Boston Police Department are dismissed.

III.   Summary

Accordingly, defendants' motion to dismiss all counts is allowed as to BFI, Thomas Van Weelden, Gino Dugan, and John Does; defendants' motion to dismiss Counts One and Six as against Peter Hutchings is allowed; Counts Two through Five, Seven and Eight remain against defendant Hutchings.

The City's motion to dismiss is allowed as to all counts.  Mayor Menino's Motion to dismiss all counts is allowed.  Commissioner O'Toole's motion to dismiss all counts is allowed.  Former Commissioner Evans' motion to dismiss all counts is allowed.  The Boston Police Department's motion to dismiss all counts is allowed.  All counts remain as to defendant Officer King.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |