US DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert Beckley<br>— Plaintiff<br><br>v.<br><br>City of Boston, et al<br>— Defendants | 60(b) motion for relief/<br>reconsideration or other<br>applicable statute<br><br>1:04-CV-10909-RWZ<br>JUDGE RYA ZOBEL |

The Plaintiff, Robert Beckley hereby moves this court for relief from its dismissal of all counts as to City of Boston, Mayor Menino, and Paul Evans pursuant to FRCvP 60(b)

In support there of, the Plaintiff PRO SE states as follows:

I. The court made the following REVERSABLE ERRORS:

(A) It <u>Allowed</u> the Plaintiffs MOTION TO AMEND The pleadings which <u>MOOTS</u> a previously filed MOTION TO DISMISS, but instead, <u>without notice</u> to the Plaintiff Pro Se, nor calling for a response to the MOTION TO DISMISS Allowed the motion to DISMISS. See <u>Martinez v. Wolferseder</u>, 997 F.Supp 142 (D MASS 1998) ("an allowence of a motion to amend <u>MOOTS</u> a Previously filed motion to DISMISS");

(A) Defendants did not move to dismiss this claim, the court sua sponte dismissed it.

(B) The court failed to consider the exhibits incorporated into the plaintiffs §1983 claims which demonstrate a pattern of unjustified shootings by the Boston PD; and the previous policy which was in place at the time of the shooting in this case which allowed police to shoot at motorists whereas the revised policy inacted <u>after</u> the cause of action which <u>prohibits</u> police from shooting at motorists which if inacted by the city prior to the cause of action would have likely prevented this incident from occuring; thus, stating a cause of action under §1983, and for refusing but neglecting to prevent §1985⁽³⁾.

See, Gorgi v. Shireham group PLC, 298 F.3d 136, 140 (2nd Cir 2002) (" In assessing the sufficiency of the complaint, we must accept the allegations contained therein as true and draw all reasonable inferences therefrom in favor of the plaintiff. (Citation omitted) <u>WE ARE ALSO FREE TO CONSIDER DOCUMENTS THAT ARE INCORPORATED INTO THE COMPLAINT BY REFERENCE OR ATTACHED TO THE COMPLAINT AS EXHIBITS, OR WHOSE TERMS AND EFFECT ARE RELIED UPON BY THE PLAINTIFF IN DRAFTING THE COMPLAINT.</u>" (Emphasis Added))

*This, the court failed to do*

(C) The court <u>failed</u> to accord the liberal construction intended for pro se complaints when reviewing the pro se complaint;

(D) The court erred in <u>SUA SPONTE</u> dismissing "reserved claims" which, as noted by the Defendants too were "not ripe" for consideration in their answer.

Therefore, the plaintiff <u>has suffered prejudice</u> and is entitled to relief.

---

II <u>Standard for a Motion To Dismiss</u>

---

A motion to dismiss for failure to state a claim may <u>only</u> be granted if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. <u>Conley v. Gibson</u>, 355 US 41, 45-46, 78 S.CT. 99, 2 L.ED. 2d 80 (1957)

This court must accept all factual averment in the complaint as true and draw all reasonable inferences in the plaintiffs favor. <u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, FSB</u>, 958 F.2d 15,17 (1st Cir 1992)

If under <u>any theory</u>, the complaint is sufficient to state a cause of action, a motion to dismiss <u>MUST BE DENIED</u>. <u>Knight v. Mills</u>, 836 F.2d 659, 664

(1st cir 1987)

In this case, the plaintiff is proceeding _pro se_; therefore, his complaint is entitled to a liberal construction of his pleadings which should be read to <u>raise the strongest ARGUMENT [HE] SUGGESTS</u>. <u>Corjasso v. Ayers</u>, 278 F.3d 874, 878 (9th cir 2002).

Therefore, it is <u>unconscionable</u> that given these standards that the court dismissed <u>all</u> claims as to the city, Mayor, and Paul Evans when the plaintiff _pro se_ in his exhibits did in fact show multiple incidents of police brutality/failure to train; and, that the old policy was directly responsible for the cause of action. As such, the order dismissing all claims as to the city, Mayor, and Paul Evans should be <u>Reversed</u>

III. This court was constrained to <u>Deny</u> the Defendant's MOTION TO DISMISS as <u>MOOT</u>!!!

In light of the court's order <u>Allowing the</u> Plaintiff's MOTION TO Amend, this court was <u>Constrained</u> to **<u>DENY</u>** the Defendants' MOTION TO DISMISS as <u>MOOT</u> in light of the court's disposition of the plaintiff's motion to amend. <u>See</u>. <u>Martinez v. Wolterseder</u>, 997 F Supp 192

(D. Mass 1998) at 194.

Therefore, since there is no rational reason nor caselaw to support this court's action, the Defendant's MOTION TO DISMISS MUST BE DENIED as MOOT, and the court's order Reversed.

IV. This Court dismissed claims and parties from this action without notice to the plaintiff and without first allowing the Plaintiff to respond to the MOTION TO DISMISS.

As noted above, when a court grants a MOTION TO AMEND, it must — absent extraordinary circumstances not present here — deny as moot any previously filed motion to dismiss.

Thus, since the plaintiff filed his motion to amend, he had no reason to file a response to the motion to dismiss since it would be denied as moot, and moreover, had the court denied the plaintiff's motion to amend, it still had to afford him an opportunity to respond to the motion. Hence, the court — notwithstanding its failure to deny the motion to dismiss as moot — acted prematurely in dismissing all claims as to the aforesaid

② "The rights of pro se litigants require careful protection where highly technical requirements may result in the loss of the opportunity to prosecute or defend a lawsuit on the merits." Ford v. Hubbard 330 F.3d 1086, 1098 (9th cir 2003). Here, the court failed to do so, let alone acknowledge its duty to pro se parties.

parties without affording the plaintiff the opportunity to respond, or even that it was still considering dismissal!

Therefore, the order of 3-2-05 must be <u>VACATED</u>.

## II. The Court inexplicably <u>sua sponte</u> Dismissed the tort claims brought by the Plaintiff

This court has <u>diversity Jurisdiction</u> in this matter pursuant to 28 §1332. The Plaintiff <u>did</u> file a motion to Amend pleadings stating that he was demanding $10,000,000 per tort claim. Furthermore, the plaintiff — although he did not state in his complaint — did indeed follow the presentment requirements of MGL 258. However, <u>both</u> the plaintiff and Defendant's noted that the complaints were "not ripe" as of yet which is <u>excusable neglect</u> and clearly does not warrant dismissal of a <u>pro se</u> claim.

The plaintiff pro se had no idea he had to state that he had filed the demand letters with the city. I planned to include them after the 6 months had elapsed (which it now has). Obviously, I would have to amend the complaint

to state the reserved claims and those not yet ripe for consideration. As such, the prose plaintiff hereby requests leave to refile his complaint amended with the demand letters. It should be further noted that the Defendants did not even move to dismiss these claims as they are liable under Respondeat Superior. It further appear that this court overlooked its true jurisdiction in this case under 28§1332.

## (VI) CONCLUSION

For all the foregoing Reasons, the order of 3-2-05 should be Reversed. The motion to DISMISS, in light of the court's disposition of Plaintiff's Motion to AMEND, MUST BE DENIED AS MOOT, and the plaintiff be Granted Leave to Amend his complaint to include the Tort demand letters pursuant to FRCP 60(b) or other applicable statute.

Signed this the 11th day of March 2005 under the pains & penalties of perjury pursuant to 28 USC §1746.

Respectfully Submitted,

Robert Beckley, Prose

FCI Fairton
PO Box 420
Fairton, NJ
08320

## Prison Mailbox
## Certificate of Service

I, Robert Beckley hereby state under the Pains and Penalties, that I Placed, on this date, in the Prison mailbox, a copy of the foregoing, addressed and postage prepaid to

Helen Litsas, esq
City of Boston Law dept.
Room 615   Boston City Hall
1 City Hall Plaza
Boston MA 02201

On this the 11th of March 2005 pursuant to 28 USC § 1742

Robert Beckley
Pro se

US DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert Beckley <br> — Plaintiff <br><br> v. <br><br> BFI, et al <br> — Defendants | 60(b) MOTION FOR Reconsideration or other applicable statute <br><br> 1:04-CV-10906-RWZ <br> JUDGE RYA ZOBEL |

Now comes the Plaintiff, Robert Beckley, and hereby moves this court to reconsider its DISMISSAL OF <u>3-2-05</u> as to Browning Ferris Industries pursuant to Rule 60(b) of the <u>FRCvP</u>.

In support thereof, the Plaintiff states as follows:

1. The Plaintiff has Proceeded <u>Pro Se</u> throughout this matter.

2. Nowhere in the 3-2-05 order of dismissal did the court note that <u>Pro Se</u> Plaintiffs are entitled to a liberal construction of their pleadings.

3. It is, however, well settled that a litigant proceeding pro se "occupy a unique position in the law ...[and] are to be afforded 'the benefit of any doubt." <u>Brown v. Roe</u>, 279 F.3d 742, 745-46

(9th cir 2002); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("A Pro se pleading is held to less stringent standards then more formal pleadings drafted by attorneys") in accord Haines v. Werner 404 US 519, 520 (1972); Corjusso v. Ayers, 278 F.3d 874, 878 (9th cir 2002) ("It is well settled that pro se litigants generally are entitled to a liberal construction of their pleading which should be read TO RAISE THE STRONGEST ARGUMENT THEY SUGGEST"); Furthermore, see Ford v. Hubbard, 330 F.3d 1086, 1098 (9TH Cir. 2003) ("The rights of PRO SE litigants require careful protection where highly technical requirements are involved, especially when enforcing these requirements might result in the loss of the opportunity to prosecute or defend a lawsuit on the merits.")

4. In the case at bar, the Plaintiff filed a document titled "Reply Brief"; however, it was the plaintiff's intent to amend the pleadings to include the statement of Peter Hutchings.

5. Therefore, it is clear that the Pro Se Plaintiff had simply mislabeled his pleadings and that the court, should have, treated his reply brief as a motion to amend the pleadings. see Royce v. Hahn, 151 F.3d 116, 118 (3rd cir 1998); Haines v. Kerner, supra ("The label placed on

a [Pleading] <u>is not determinative</u>." Particularly when, as here, a <u>Pro se</u> litigant is involved. Royce, supra at <u>118</u>.

6. Thus, the mislabeling should have been ignored, or, the court should have treated the "Reply Brief" as a motion for leave to file an amended complaint. Haines, supra

7. Indeed, the plaintiff even noted in his "Reply Brief" that the Statement of Peter Hutchings was not available to him at the time of filing the original complaint; therefore, the court should have treated the <u>Pro se</u> Pleading as a motion to amend <u>SUA SPONTE</u>.

8. The "Reply Brief" was filed shortly after the MOTION TO DISMISS.

9. In the related matter of 04-cv-10909-RWZ, this court <u>ALLOWED</u> the Pro se Plaintiff's motion to Amend the Pleadings and should do the same in this matter.

10. It should also be noted that the <u>Pro se</u> plaintiff is incarcerated in the segregation unit and only has limited access to a phone as well thereby compounding the difficulty of litigating this matter.

11. This court also failed to notify the Plaintiff that it was considering dismissal thereby requiring vacation of its order of dismissal.

12. The Plaintiff submits that given the circumstances present in this case, that the order of dismissal should be vacated, the "Reply Brief" should be treated as a motion to Amend the pleadings; The plaintiff should be given 30 days in which to file an amended complaint, and the Defendants' motion to Dismiss be denied as moot or in the alternative, The motion to Dismiss as to Browning Ferris Industries as to all counts except those brought pursuant to §1983 be denied in light of the amended complaint. see Martinez v. Wolferseder, 797 F.Supp 192 (D.Mass. 1998)

The Plaintiff hereby Requests ORAL ARGUMENT

Therefore, the Plaintiff, having shown good cause moves this court to grant him relief pursuant to FRCCP 60(b) or other applicable statute as this court deems just and proper.

Signed This the 11th of March 2005 under the pains and penalties of perjury pursuant to 28 USC § 1742.

Respectfully Submitted,

*[signature]*

Robert Beckley
Pro Se

FCI Fairton
PO Box 420
Fairton, NJ 08320

## Certificate of Service

I hereby state under the pains & penalties of perjury that I placed the foregoing pleading in the prison mailbox to be delivered to opposing counsel of record, Shannon Lynch, postage prepaid on this the 11th of March 2005. Pursuant to 28 USC §1745

*[signature]*

Robert Beckley Pro Se