UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10909-RWZ

ROBERT DAVID BECKLEY,
    Plaintiffs,

v.

CITY OF BOSTON, BOSTON MAYOR
THOMAS MENINO, in his official and
individual capacities, BOSTON POLICE
DEPARTMENT, Past Massachusetts Police
Commissioner, PAUL F. EVANS, Present
Massachusetts Police Commissioner
KATHLEEN O'TOOLE, in her official and
individual capacities, Boston Police Officer,
JOSEPH KING, in his official and individual
capacities, JOHN DOES
    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF AND RECONSIDERATION

**I.**   **Introduction**

    The Defendants hereby oppose the Plaintiff's Rule 60(b) Motion for Relief and Reconsideration from the Court's dismissal of Plaintiff's Complaint following the Defendants' Motion to Dismiss. In his Complaint, the Plaintiff brings several causes of action against the Defendants[1] alleging various civil rights, intentional torts and negligence claims stemming from an incident on May 10, 2002. On September 7, 2004, pursuant to Fed. Civ. R. 12(b)(6), all Defendants except Joseph King, including Defendant, City of Boston, Mayor Thomas Menino, former Commissioner Paul Evans and present

---

[1] In total, the Plaintiff has brought suit against the following defendants: (1) City of Boston, (2) Mayor Thomas Menino, (3) Boston Police Department, (4) Commissioner Kathleen O'Toole, (5) Former Commissioner Paul Evans, (6) Boston Police Officer Joseph King, and (7) John Does - unknown police officers and supervisors of Joseph King.

1

Commissioner Kathleen O'Toole (collectively, "Defendants") moved to dismiss the Plaintiff's Complaint. On March 2, 2005, this Court allowed each of the Defendants' motions.

As grounds for their opposition, the Defendants state that the Court correctly granted the Defendants' motions to dismiss and that the Plaintiff has failed to establish the requisite extraordinary circumstances entitling him to such relief under Rule 60(b).

## II.    Factual Background

The Plaintiff alleges eleven counts in his Complaint, consisting of the following: (1) violation of 42 U.S.C.§ 1983-cruel and unusual punishment (Count I);  (2) violation of 42 U.S.C. 14141-excessive use of force; (3) violation of 42 U.S.C. 1983-unwarranted search and seizure; (4) violation of 42 U.S.C. § 1983-refusing or neglecting to prevent; (5) violation of the Massachusetts Civil Rights Act (MCRA) (Count V);  (6) assault (Count VI); (7) battery (Count VIII); (8) intentional infliction of emotional distress (Count VIII); (9) violation of 42 U.S.C. § 1983 (Count IX);  (10) negligence  (Count X); and (11) negligent infliction of emotional distress (Count X).

The Plaintiff's Complaint arises from an incident that occurred on May 10, 2002. The Plaintiff alleges that he was sitting unarmed in his stationary vehicle, a Buick Rendezvous, near the intersection of Boylston and Dartmouth Streets in Boston, MA, when Boston Police Officer King shot him in the head while attempting to apprehend him. He alleges further that Officer King did not warn him either verbally or otherwise prior to discharging his 40 caliber Glock handgun.  The Plaintiff alleges further that as a result of this shooting incident, he suffered injuries, including hearing loss, vision loss, post-traumatic stress disorder and hand tremors. Throughout his Complaint in Counts I-XI, the Plaintiff makes various allegations asserting that the Defendant City of Boston, among other defendants, was liable for Officer King's actions on May 10, 2002, predominantly on

the basis of the *respondeat superior* doctrine. On May 10, 2002, subsequent to the events alleged in the Plaintiff's Complaint, the Plaintiff was arrested and later incarcerated.

On March 2, 2005, this Court allowed the Defendants' Motions to Dismiss dismissing all counts of the Plaintiff's Complaint against all Defendants, with the exception of Defendant, Joseph King, who did not file a motion to dismiss. In response to the Defendants' motion, the Plaintiff filed a Motion to Amend the Complaint. In its decision, the Court allowed the Plaintiff's Motion to Amend and dismissed all counts against the moving defendants.

**III.    ARGUMENT**

**A. The Plaintiff Cannot Satisfy The Requirements Of Rule 60(b).**

In the First Circuit, relief provided under Rule 60(b) is "extraordinary in nature" and is therefore "granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). "To succeed on a Rule 60(b) motion, the movant must show that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party." Caisse v. DuBois, 346 F.3d 213, 215-216 (1st Cir. 2003), citing Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19-20 (1st Cir. 1992). Additionally, the moving party must demonstrate that "granting the motion will not be an empty exercise by demonstrating that the underlying claim for relief is likely to succeed on the merits. Caisse, supra at 216. (omitting internal quotations and citations).

None of the reasons asserted by the Plaintiff satisfy this high threshold and accordingly, his motion must be denied.

**B. Neither Of The Plaintiff's Contentions Qualify As The Requisite "Extraordinary Circumstances" Entitling Him to Relief Under Rule 60(b).**

    1. The Plaintiff Mistakenly Contends That The Court's Allowance Of The Plaintiff's Motion to Amend "Mooted" Defendant's Previously Filed Motion To Dismiss.

The Plaintiff mistakenly contends that when this Court allowed the Plaintiff's Motion to Amend, it "mooted" Defendants' previously filed motions to dismiss. The Defendants' motions were equally applicable to the Plaintiff's Amended Complaint because the Plaintiff's Complaint and First Amended Complaint were virtually identical in substance. The claims asserted in Plaintiff's First Amended Complaint mirror the Plaintiff's claims in his original Complaint with a few immaterial exceptions: (1) Plaintiff changes the title of Count IX from a Section 14141 claim to a Section 1983 claim; 2) Plaintiff inserts additional facts in paragraphs 13 through 26 pertaining to a defendant unrelated to any of the Defendants in this action; and (3) Plaintiff includes an Exhibit 4 comprised of a batch of news articles regarding the May 10, 2002 incident. The Defendants' grounds for their motions to dismiss therefore were equally applicable to the Plaintiff's First Amended Complaint. The Plaintiff had ample opportunity to provide an opposition to the Defendant's Motion to Dismiss, but instead, chose to file a Motion to Amend.

As for Plaintiff's reliance on <u>Martinez v. Wolferseder,</u> 997 F. Supp. 192, 194 (D. Mass. 1998) (Gorton, J.), it is misplaced. The <u>Martinez</u> court recognized that while "an allowance of a motion to amend moots a previously filed motion to dismiss," it also concluded that that principle was inapplicable in that case because the defendant's motion to dismiss "applie[d] fully to the plaintiffs' amended complaint and, therefore, is not moot."

4

Id.[2]  The same circumstances are present here as the Defendants' motions to dismiss applied fully to the Plaintiff's Amended Complaint.

The Plaintiff asserts further that this Court allowed the Motion to Dismiss without first providing notice to the Plaintiff and without allowing Plaintiff to file a response to Defendant's Motion to Dismiss.  The Plaintiff fails to recognize that he had ample opportunity to file an opposition, but chose not to do so.  Additionally, this Court is under no obligation to provide Plaintiff with prior notice of its decision to rule upon the Defendant's Motion to Dismiss. The timing of such decisions falls within the purview of the court and litigants have no entitlement to such prior notice.  Strikingly, the Plaintiff also fails to cite any authority entitling him to such notice.

2. The Plaintiff's Claim That The Court Failed To Consider the Exhibits Incorporated into the Plaintiff's 42 U.S.C. § 1983 Claims Lacks Merit.

The Plaintiff contends that the Court's failure to consider exhibits incorporated into its Complaint constitutes reversible error. The Plaintiff fails to recognize the Court's decision to consider such exhibits falls within its discretion, and here, the Court chose not to "consider facts outside of the Complaint on a motion to dismiss."  The Court properly concluded that such materials were not appropriate for its consideration.  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  Moreover, the Plaintiff's claim does not rise to the level of extraordinary circumstances required for Rule 60(b) relief.

3. The Plaintiff's Claim That The Court Failed To Construe His Complaint Liberally Is Unpersuasive.

The Plaintiff contends that that he should have been afforded greater leniency because of his pro se status.  While it is true that courts are required to construe liberally a pro se complaint, it is equally true that "pro se status does not insulate a party from complying with procedural and substantive law."  See Eagle Eye Fishing Corp. v. United

---

[2] The court allowed the Defendant's motion to dismiss in part and denied it in part.

5

States Dep't. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled. This is distinct from the case at hand, in which the formal elements of the claim were stated without the requisite supporting facts." See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Ahmed court's reasoning applies with equal force here. Here, the Court recognized that the Plaintiff was pro se. The Court, however, also recognized that the Plaintiff failed to plead the essential elements for his claim. A court's liberal construction of a pro se Complaint does not release the Plaintiff from his obligation to state legally cognizable claims and state the requisite facts to support such claims.

    4.   This Court Properly Dismissed Plaintiff's Negligence Claims Sua Sponte.

Additionally, Plaintiff contends that this Court erroneously dismissed sua sponte his negligence claims in Counts X and XI. This Court dismissed the claims on the grounds the Plaintiff failed to allege and effectuate proper presentment upon the Defendants in accordance with the Massachusetts Tort Claims Act. The Court's conclusion was correct.

The Plaintiff failed to plead in his Complaint that he effected proper presentment. The requirements of presentment set forth under the Massachusetts Tort Claims Act under G. L. c. 258 are very specific and failure to provide adequate written notice to the public employer negates the claimant's cause of action. See G. L. c. 258; Johnson v. Trustees of Health and Hospitals of the City of Boston, 23 Mass. App. Ct. 933 (1986). Furthermore, failure to allege in a complaint that such presentment was effected in a timely manner is also fatal to a plaintiff's claim. See G. L. c. 258, § 4; Foley v. Greater Lowell Regional Vocational Technical School District, 2001 Mass. Super. LEXIS 275 (2001).

It was well within the court's discretion to dismiss such claims. While sua sponte dismissals should be dispensed sparingly, "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand." Gonzalez-Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir. 2001). Such reasoning applies with equal force to the case at bar. Here, the Plaintiff has not alleged nor provided any evidence that he has complied with the presentment procedures under G.L. c. 258. The plaintiff, therefore, cannot prevail on his claims. [3]

### C. The Plaintiff Cannot Demonstrate That His Underlying Claims Can Succeed On Their Merits.

1. This Court Correctly Dismissed Plaintiff's Claims Under 42 U.S.C. Section 1983 In Counts I-IV and IX Because The Claims Are Not Actionable Against the City of Boston.

This Court properly dismissed the Plaintiff's 42 U.S.C. § 1983 claims in Counts I-IX and IX because it concluded that "[p]laintiff's reliance on a single incident of alleged police misconduct is inadequate to support an inference of inadequate police training." Such conclusion is consistent with governing case law. See Bordanaro v. McCleod, 871 F.2d 1151, 1161 n.8 (1rst Cir. 1989).

In the instant action, Plaintiff makes no allegations other than the May 10, 2002 incident from which the Plaintiff alleges that the City inadequately trained its police officers. The Plaintiff also failed to demonstrate or allege any other similar incident or that any policymaker directed any of the alleged actions during the May 10, 2002 incident. Furthermore, even if the Plaintiff had made such allegations, which the Defendant denies, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability

---

[3] As for the issue of diversity jurisdiction raised by the Plaintiff, it is irrelevant for purposes of his Rule 60(b) motion. The issue of jurisdiction played no role in the Court's allowance of the Defendants' motions to dismiss.

under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985). The Plaintiff here failed to make such a showing. Absent an affirmative showing of such a custom or practice, there can be no liability against the Defendant City under Section 1983. See also City of Canton v. Harris, 489 U.S. 378 (1989); Santiago v. Fenton, 891 F.2d 373, 381-82 (1st Cir. 1989); Stratton v. City of Boston, 731 F. Supp. 42, 47 (D. Mass. 1989).

Additionally, the Plaintiff failed to make any allegations of deliberate indifference. In City of Canton v. Harris, 489 U.S. 378 (1989), the court held that "the inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of person with whom the police come into contact." Id. Only where such deliberate indifference to the rights of the City's inhabitants is shown in a lack of training can such a shortcoming be thought of as a city policy or custom (a deliberate or conscious choice by the City). See City of Canton v. Harris, 489 U.S. 378, 388-89 (1989); Williams v. City of Boston, 784 F.2d 430, 434-435 (1st Cir. 1986); Kibbe v. City of Springfield, 777 F.2d 801, 803 (1st Cir. 1985), cert. dismissed, 107 S.Ct. 1114 (1987); Miranda v. Munoz, 770 F.2d 255, 260 (1st Cir. 1985); Kostka v. Hogg, 560 F.2d 37, 40 (1st Cir. 1977); see also Leite v. City of Providence, 463 F.2d 585, 591 (1st Cir. 1978) ("Simple negligence is not enough, training must be non-existent or grossly, palpably and culpably neglected.") Here, Plaintiff's claim fails to satisfy this threshold requirement.

This Court also correctly dismissed the Plaintiff's claims in Count Two on the grounds that no liability attaches to a local government merely through the theory of *respondeat superior* under 42 U.S.C. § 1983. See Monell, 436 U.S. at 691. It is well-established that a plaintiff may not impute the actions of City of Boston employees to that of the City through the doctrine of *respondeat superior*. Id.

Additionally, the Court properly dismissed the Plaintiff's claim in Count I that his Eighth Amendment rights were violated. The Court properly recognized that "the Eighth Amendment proscription against cruel and unusual punishment applies to those convicted of crimes," and that "[b]ecause plaintiff's Complaint focuses on events occurring before any conviction, he cannot sustain his Eight Amendment claims." The court's reasoning is based on bedrock principles and governing precedent.

The Eighth Amendment to the U.S. Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. In interpreting this language, the United States Supreme Court has stated that the Eighth Amendment was designed to protect those convicted of a crime. See Ingraham v. Wright, 430 U.S. 651, 664 (1977); Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Whitley v. Albers, 475 U.S. 312, 318 (1986). "The Eighth Amendment focuses on freedom from torture and punishments far in excess of the charged crime." Gonzalez-Mercado v. Municipality of Guaynabo, 206 F. Supp.2d 257, 260 (D.P.R. 2002). The Supreme Court has also held that force used while arresting a plaintiff does not reach the level of an Eighth Amendment violation. See Viera-Marcano v. Ramirez-Sanchez, 2002 U.S. Dist. LEXIS 19732, at *21 (D. P.R. 2002). Accordingly, an Eighth Amendment violation cannot occur until after a formal adjudication of guilt. Gonzalez-Mercado, supra at 260. Accordingly, the Plaintiff's claim in Count I was properly dismissed.

 **2**. This Court Properly Dismissed The Plaintiff's Claim In Count V Against The City Because Claims Against Municipalities Are Not Actionable Under the Massachusetts Civil Rights Act ("Act").

This Court correctly concluded that Plaintiff's claim in Count V was not actionable against the Defendant, City of Boston, because "the Act does not apply to a municipality." It is well settled that a municipality is not a "person" as defined by the Act. See Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-592 (2001). "By the terms of G.L. c. 4, § 7,

9

its definitions govern the construction of statutes unless a contrary intention clearly appears, and here there is no indication in the [Act] that the word 'person' includes either the Commonwealth or any of its political subdivisions." Howcroft, 51 Mass. App. Ct. at 591-592. Accordingly, dismissal of Count V was warranted.

    3.    This Court Also Correctly Dismissed Counts VI-VIII Because The Massachusetts Torts Claims Act Bars Recovery Against A Municipality For Intentional Torts Allegedly Committed By Public Employees.

This Court's decision dismissing the Plaintiff's intentional tort claims is consonant with current case law. [4] "It is well settled law that pursuant to the Massachusetts Tort Claims Act, a public employer is immune from liability for the intentional torts of its public employees." Consolo v. George, 835 F. Supp. 49, 52 (D. Mass. 1993), (citing G.L. c 258, § 10 (c)). The Massachusetts Tort Claims Act, G.L. c. 258, § 10(c), expressly excludes the City of Boston from liability for claims arising out of intentional torts committed by its employees. See G.L. c. 258, § 10(c); see also Chaabouni v. City of Boston, 133 F. Supp.2d 93, 99 (D. Mass. 2001). Accordingly, this Court properly dismissed Counts VI-VIII.

    4.    This Court Also Correctly Dismissed Counts I-V Against Defendants O'Toole and Evans and Menino.

The Plaintiff's Federal civil rights claims asserted against Defendants O'Toole and Evans and Menino in their official capacities, in Counts I-IV, are not viable, but merely duplicate claims the Plaintiff had already asserted against the municipal defendant, City of Boston, in Counts I-IV. This Court correctly concluded that when an individual files a claim against a public official in his or her official capacity based upon a violation of 42 U.S.C. § 1983, this constitutes "only another way of pleading" an action against the public entity that the official represents. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978); Brandon v. Holt, 469 U.S. 464, 471 (1985) (official-capacity suit is

---

[4] The intentional tort claims alleged against the Defendant City include the following: (1) assault (Count VI); (2) battery (Count VII); and (3) intentional infliction of emotional distress (Count VIII).

. . . to be treated as a suit against entity); Kentucky v. Graham, 473 U.S. 159 (1985) (official-capacity suit not suit against official personally, for the real party in interest is entity); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989) ("suit against a public official in his or her official capacity actually a suit against entity her or she represents"). Accordingly, such claims here were properly dismissed.

The Court also correctly dismissed the claims asserted against these defendants in their individual capacities because the Plaintiff failed to allege any personal involvement by them in the Plaintiff's alleged deprivation of rights. "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999), citing Malley v. Briggs, 475 U.S. 335, 341 (1986); Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999). "In order for a state officer to be properly brought into a suit individually under § 1983, the officer must be shown to have been in some manner personally involved in the alleged deprivation of rights." Feliciano v. Dubois, 846 F. Supp. 1033 (D. Mass. 1994).

Additionally, the plaintiff must prove that the defendant "possessed either the state of mind for the particular constitutional violation or deliberate indifference, and…played a causal role in plaintiff's constitutional violation." O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000). Moreover, the plaintiff must establish both subordinate liability and an "affirmatively link" between the defendant's action and the constitutional violations alleged by the plaintiff. Ruiz Rivera, et al. v. Riley, 209 F.3d 24 (1st Cir. 2000), *citing* Aponte Matos v. Toledo-Davila, 135 F.3d 182, 192 (1st Cir. 1998); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). In other words, the plaintiff must establish that the misconduct of the subordinate (allegedly here, Officer King), is affirmatively linked to the supervisor's action or inaction. Here, the Plaintiff has failed to allege any such affirmative

link between the alleged constitutional violation and either Defendants O'Toole, Evans or Menino.

The Court also correctly dismissed Plaintiff's claim in Count V under the Massachusetts Civil Rights Act against these defendants. The courts have traditionally applied the same analytical principles governing Section 1983 claims to MCRA claims. For example, "[a]s with Section 1983 actions, the doctrine of *respondeat superior* does not apply. A claim will lie only if defendants actions directly caused harms actionable under the statute." Britton, supra at 454, citing Lyons v. National Car Rental Systems, Inc. (of Delaware), 30 F.3d 240, 245-46 (1st Cir. 1994); see also Canney v. Chelsea, 925 F. Supp. 58, 68 (1st Cir. 1996). Accordingly, here, the Plaintiff's Claim in Count V fails because he fails to allege any direct or personal involvement by any of these individual defendants.

    5.    This Court Also Correctly Dismissed Counts VI-VIII Against Defendants O'Toole and Evans and Menino.

The Court correctly dismissed these claims because no liability attaches to individual public employees under a respondeat superior theory. he doctrine does not impose civil liability upon a fellow employee but upon the employer, the principal or master, for the acts of an agent or servant within the implied scope of his authority. See Dias v. Brigham Medical Associates, Inc., 438 Mass. 317 (2002) (*respondeat superior* is proposition that employer or master should be held vicariously liable for torts of its employee or servant committed within scope of employment).

    6.    This Court Also Correctly Dismissed Counts X and XI Against Defendants O'Toole and Evans and Menino.

This Court also correctly dismissed these claims because none of these defendants qualify as public employers under the Massachusetts Tort Claims Act. Under its purview, only the municipal entity can be held liable for any negligent acts of its employees. Appleton v. Town of Hudson, 397 Mass. 812 (1986).

## IV.  CONCLUSION

For the reasons stated above, the Defendants, City of Boston, Menino, O'Toole and Evans, respectfully requests denial of the Plaintiff's motion for relief under Rule 60(b).

>                         Respectfully submitted,
>                         DEFENDANT, CITY OF BOSTON,
>                         MENINO, O'TOOLE, AND EVANS
>                         Merita A. Hopkins
>                         Corporation Counsel
>
>                         By its attorneys:
>
>
>                         /s/ Helen G. Litsas
>                         Helen G. Litsas
>                         BBO#644848
>                         Amy E. Ambarik, Esq.
>                         BBO# 637348
>                         Assistant Corporation Counsel
>                         City of Boston Law Department
>                         Room 615, City Hall
>                         Boston, MA 02201
>                         (617) 635-4099 (Ambarik)
>                         (617) 635-4023 (Litsas)

## CERTIFICATE OF SERVICE

I, Amy E. Ambarik, hereby certify that I served this document upon the Plaintiff by mailing a copy, postage prepaid, to:

> Robert David Beckley, Pro Se
> 277 Concord Rd.
> Bedford, MA  01730

| | |
|---|---|
| 4/21/05 | /s/ Helen G. Litsas |
| Date | Helen G. Litsas |