**United States District Court**
**Eastern District of Massachusetts**

| | |
|---|---|
| **Robert David Beckley** ) | |
| *Plaintiff ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ) | |
| **City of Boston** ) | |
| **Boston Mayor Thomas Menino,** ) | No. 04 10909 RWZ |
| **In his official and individual capacities,** ) | |
| **Boston Police Department, City of Boston,** ) | **4th Amended** |
| **Past Massachusetts police Commissioner Paul Evans,** ) | **Complaint** |
| **Present Massachusetts police Commissioner Kathleen O'Toole,** ) | |
| **In her official and individual capacities, Boston** ) | *Jury trial demanded on |
| **Police officer Joseph King in his official and individual capacities.** ) | all counts |
| **John Does** ) | |
| *Defendants ) | |

Introduction

Robert Beckley ("Plaintiff") of North Carolina 1414 Village Crossing, Chapel Hill, NC 27517 here by asserts the following claims against the defendants in the above entitled action:

(1) Violation of 42 U.S.C. 1983 cruel and unusual punishment.

(2) Violation of 42 U.S.C. 1983 excessive use of force.

(3) Violation of 42 U.S.C. 1983 unwarranted search and seizure.

(4) Violation of 42 U.S.C. 1983 refusing of refusing of neglecting to prevent.

(5) Violation of Mass Civil Rights Act (M.G.L. C.12 sec. 111).

(6) Assault

(7) Battery

(8) Intentional infliction of emotional distress.

(9) Violation of 42 U.S.C. 1983: Police misconduct/malicious abuse of process

(10) Reserved for negligence (until 6 months after presentment)

Jurisdiction

1. Jurisdiction of this court arises under 28 U.S.C. Sections 1332, 1337, 1343 (a), and 1367 (a); 42 U.S.C. SECS 1983, and U.S.C. 1961-1968.

2. Jurisdiction Of this court for the pendent claims is authorized by F.R. CIV.P.18 (a), and arises under the doctrine of pendant jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). **"The plaintiff, timely filed and served, the City of Boston with a demand letter as to the tort claims, received by the City clerk's office on April 29, 2004. See exhibit 5, pursuant to M.G.L. c. 258 and <u>never received a response to my tort claims</u>."**

Parties

3. Plaintiff Robert David Beckley ("Plaintiff") is a prisoner at FCI Fairton, Fairton NJ, U.S.A. 02114. The Plaintiff is a natural person and was a resident of North Carolina during all relevant times of this action. The Plaintiff's mailing address for all correspondence is his mother's address 277 Concord Rd., Bedford MA 01730 U.S.A. Plaintiff will be returning to Chapel Hill, NC after upon release from Federal prison.

4. Defendant City of Boston is a Municipal Corporation, organized under the laws of the Commonwealth of Massachusetts. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of defendants Mayor Thomas Menino, Boston Police past Commissioner Paul Evans (whereabouts unknown) and Kathleen O'Toole Kathleen O'Toole who is presently the Boston Police Commissioner, and police officer Joseph King at all times relevant to this complaint.

5. Defendant Boston Mayor Thomas Menino is and was the elected Mayor of the City of Boston, Massachusetts U.S.A. at all times relevant to this complaint. He is and was the Chief Executive of the City of Boston, Massachusetts at all time relevant to this complaint. He is and has been responsible for all the City of Boston's agencies, agents, departments, and employees, and for injuries occasioned thereby.

6. Defendant the Boston Police Department is a department of the City of Boston, Massachusetts U.S.A. It is responsible for the policies, procedures and practices implemented through its police force and for injury occasioned thereby. It is the department within the City of Boston which employed defendant Joseph King Boston police officer at all times relevant to this complaint and defendants Boston Police past Commissioner Paul Evans (and Kathleen O'Toole Kathleen O'Toole who is presently the Boston Police Commissioner.

7. Defendant Kathleen O'Toole, the appointed Boston Police Commissioner of Boston Massachusetts is responsible for the promulgation and implementation of police procedures, and practices in the City of Boston. She is responsible for the <u>Police Academy</u>. Commissioner O'Toole is also an employee of the City of Boston.

8. Defendants Paul Evans, (whereabouts unknown) was the past Boston Police Commissioner of Boston Massachusetts was responsible for the promulgation and implementation of police procedures, and practices in the City of Boston. He was also responsible for the <u>Police Academy</u>. Commissioner Evans was also an employee of the City of Boston.

9. Defendant Boston police officer Joseph King is a natural person and a duly appointed police officer in the Boston Police Department and an employee of the City of Boston at all times relevant to this complaint.

10. Defendant John Doe, and others not presently known to the Plaintiff we at all times material to this complaint duly-appointed City of Boston police officers of unknown rank, and supervisors of defendant Boston Police officer Joseph King and employees of the city of Boston.

11. Plaintiff sues all public employees in their official and individual capacities.

12. At all times material to this complaint, defendants officer Joseph King, Boston Mayor Thomas Menino, past Commissioner Paul Evans and Kathleen O'Toole who is presently the Boston Police Commissioner, John Does toward Plaintiff under color of the statutes,

ordinances, customs and usage of the state of Massachusetts, United States of America, City of Boston, and the Boston Police Department.

Facts

13. On May 10th, 2002 at approximately, 8:30 pm the plaintiff was involved in a minor car accident on <u>Dartmouth Street near the corner of Stuart Street</u> in Boson MA U.S.A. County of Suffolk.

14. An on duty truck driver for BFI of North America driving his company truck marked "BFI" stopped at the scene of the accident.

15. He was a witness to this accident.

16. The BFI truck driver then exited his truck and approached the plaintiff, grabbed him aggressively on the arm and stated "If you don't get the fuck out of here now, I'll get the gun in my truck, and I'm not afraid to u se it"! Many people were witness to his threat.

17. The plaintiff who was in fear for his life got in his Buick Rendezvous automobile, and attempted to get away from the BFI truck driver who had just threatened his life, and in doing so, forced the plaintiff into leaving the scene of an accident a criminal offense.

18. The BFI truck driver then for some unknown reason returned to his truck and followed the plaintiff through numerous streets from the scene of the accident. Right onto Stuart from Dartmouth, left onto Trinity Place, left on to St. James, and then a right onto Blagden St. The plaintiff thought he lost the BFI truck and parked in a spot on Blagdon, and intended to find an officer to report what the BFI truck driver had said and done to him and return to the accident scene. Upon, exiting the vehicle, the BFI truck driver reappeared in his vehicle and stated, "There you are u puny fuck". The plaintiff then rushed back in his car and drove away to escape what seemed to be an attempt on harming the plaintiff.

19. The plaintiff in fear for his life due to the threat of lethal force by the BFI truck driver had just made to him verbally, panicked and subsequently did not stop at numerous red lights, and took turns on one way streets going the wrong way in attempts to lose the BFI truck, due to the threat that was made, and the fact that he was following him for an unknown reason.

20. The plaintiff was unarmed, and had no way to defend himself. Had not the plaintiff been threatened, the plaintiff would not have left the scene of an accident.

21. After plaintiff realized that he had finally lost the BFI truck, he stopped his motor vehicle on Boylston Street in Boston near the corner of Dartmouth.

22. Approximately 9 PM, on Boylston Street near the intersection of Dartmouth Street in Boston Massachusetts. The plaintiff who was sitting in the drivers seat of a Buick Rendezvous, which was not moving when he was shot in the head by the defendant Joseph King, an on duty police officer, employed by the Boston Police Department and the City of Boston apparently in an attempt to apprehend the plaintiff.

23. The defendant, Joseph King was standing approximately 10 to 15 feet away from the plaintiffs motor vehicle which was not moving at the time the shooting took place.

24. The defendant, Joseph King standing almost directly to the right of the plaintiff, and approximately 10-15 feet away from the passengers side of the motor vehicle.

25. The plaintiff was unarmed.

26. The defendant, Joseph King did not verbally or otherwise warns the plaintiff prior to discharging his department issued 40 caliber Glock hand gun.

27. The plaintiff was not an imminent threat to the personal safety of the defendant Joseph King at the time of the shooting.

28. There were many people in the area at the time of the shooting.

29. Some of the bullets fired by the defendant Joseph King nearly hit numerous people in the area.

30. When the defendant Joseph King fired his gun, he appeared to be standing in a "shooting position".

31. There are witnesses that can and will testify to the fact that at the time of the shooting, the plaintiff's motor vehicle was stopped and that the plaintiff was not in imminent threat to the defendant Joseph King or any other pedestrians (see attached witness interview David Anderson exhibit 1).

32. There are witnesses that can and will testify to the fact that the defendant Joseph King not only endangered the life and safety of the plaintiff, but numerous pedestrians.

33. In <u>Tennessee v. Garner</u> (1985) the U.S. Supreme Court ruled that police shootings under the authority of laws and policies that allowed officers to use deadly force to apprehend fleeing unarmed suspects violated the Fourth Amendment of the U.S. Constitution which protect search and seizure.

34. The Boston Police Department revised their policy on the use of deadly force within a few months after this shooting. (See attached exhibit 4).

35. The plaintiff was transported to Massachusetts General Hospital for treatment following the shooting. The hospital is located in Boston, Massachusetts. (See attached medical record exhibit 2).

36. The plaintiff has received subsequent medical care due to injuries and impairments at numerous medical facilities.

37. The plaintiff suffered numerous physical, psychological, and neurological injuries and impairments as a result of being shot in the head by defendant Joseph King.

38. Some of the plaintiff's injuries and impairments are of a permanent nature.

39. Some of the injuries and impairments suffered by the plaintiff affect him every day.

40. Some of the injuries and impairments suffered by the plaintiff affect his ability to work. Plaintiff had difficulty in performing his duties upon returning to work as a direct result of the conduct of defendant Joseph King resulting in astronomical loss of person income and company revenue and there is a high probability of likelihood that the plaintiff will have to receive disability benefits resulting in a substantial loss of income.

41. These injuries and impairments suffered by the plaintiff include, but are not limited to: Post traumatic stress disorder, visual impairment, constant headaches, partial hearing loss

in right ear, a continues hand tremor in both hands, dizzy spells, frequent loss of balance, continuous pain from the bullet fragments that remain embedded in the plaintiffs head. A very large unsightly ugly scar, and various other physical, neurological, and psychological injuries and impairments.

42. The plaintiff has previously worked in the film industry. The scar the plaintiff suffered may hinder his ability to obtain future jobs.

43. The plaintiff has incurred substantial legal and medical bills due to this incident.

44. The plaintiff will have to pay for counseling, medication, and other various future medical expenses due to the shooting.

45. The defendant Joseph King's actions constitute deliberate indifference in using excessive force amounting to cruel and unusual punishment against the plaintiff pursuant to the Eight amendment of the United States Constitution, and violated the plaintiff's Fourth Amendment United States Constitution rights against unwarranted search and seizure in violation of 42 U.S.C. 1983.

46. Plaintiff removed a piece of the bullet on December 17, 2003 from his head. This was just of the fragments of the bullet that were left in his head. It caused acute and continues to cause physical pain. (See exhibit 3)

**"The City of Boston has a policy of tolerance as to the use of deadly force; and therefore is liable under § 1983.** See exhibits 1-5, other examples of police shootings by Boston Police.

**Count 1: Violation of 42 U.S.C. 1983: Cruel and unusual Punishment**

47. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force as if herein set forth.

48. Acting under the color of law, defendants worked a denial of the plaintiff's rights, privileges, or immunities secured by the United States Constitution by the privileges, or immunities secured by the United States Constitution or by Federal law [1] to wit.

   (a) By defendant officer Joseph king shooting at plaintiff multiple times amounting to cruel and unusual punishment.

---

[1] Sato v. Flores, 103 F. 3d 1056,1061 (1st circuit 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989)

(b) By defendant officer Joseph King shooting the plaintiff in the back of the head amounting to cruel and unusual punishment.

(c) By refusing or neglecting to prevent such deprivations and denial to plaintiff of his rights, privileges, and immunities against cruel and unusual punishment as guaranteed by the Constitution of the United States.

49. The plaintiff incorporates exhibits 1,2, 3, 4 and 5 into this complaint by reference as if set forth herein.

50. Plaintiff did nothing to warrant defendant officer Joseph Kings intentional lethal use of a firearm/deadly force and was sitting in a non moving motor vehicle when the shooting occurred (see exhibit 1)

51. No complaint, information, or indictment was ever sworn against plaintiff alleging offenses occurring prior to the moment defendant officer Joseph King shot at the plaintiff in the head.

52. Defendant City of Boston, Boston Police Department, Mayor Thomas Menino, and the past Commissioner Paul Evans and Kathleen O'Toole who is presently the Boston Police Commissioner, John Does negligently trained Defendant Officer Joseph King.

53. As a result of the defendants extreme and outrageous conduct plaintiff has suffered numerous physical, psychological, and neurological harm including pain and anguish, severe emotional trauma, embarrassment, humiliation, hearing loss, vision loss, possible brain damage, and various other serious impairments.

54. Defendants City of Boston, Boston Police Department, Boston Mayor Thomas Menino, past Commissioner Paul Evans and Kathleen O'Toole who is presently the Boston Police Commissioner, John Does who were and/or are supervisors of defendant officer Joseph King are also liable as a result of their failure to supervise, train, discipline defendants on an on going basis, and for their failure to promulgate and enforce policy's and customs to curtail the wanton conduct of officer Joseph King.

55. As a result of the <u>concerted unlawful and malicious intentional discharging of a firearm and shooting</u> by defendant Boston Police officer Joseph King of the plaintiff, the plaintiff was deprived of his United States Constitutional rights against cruel and unusual punishment in violation of the 8th Amendment of the U.S. Constitution and 42 U.S.C. 1983.

Wherefore, plaintiff demands judgment for the cruel and unusual punishment against all the defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $5,000,000, and further demands judgment against each of said defendants, jointly and severally for punitive damages [2] in the amount deemed at time of trial to be just, fail, and appropriate, plus the cost of the action, including attorney's fees, and such other relief deemed to be just and equitable

**Count 2: Violation of 42 U.S.C. 1983: Excessive use of force**

56. Plaintiff repeats and re-alleges and incorporates by reference the allegations in <u>paragraphs 1 through 46</u> above with the same force and effect as if herein set forth and <u>exhibits 1,2, 3, 4 and 5.</u>

57. At all times relevant here in, the conduct of all defendants were subject to 42 U.S.C. 1983.

58. As a result of his concerted, unlawful use of excessive force defendant officer Joseph King deprived plaintiffs rights to liberty, excessive punishment, and due process as guaranteed by the 4th, 5th, 6th, 8th, and 14 of the U.S. Constitution and 42 U.S.C. 1983 in violation of 42 U.S.C. 1983 and the said amendments of the said amendments of the U.S. Constitution.

59. Defendants City of Boston, Boston Police Department, Boston Police past and present Commissioners Paul Evans, Kathleen O'Toole, John Does who were/are supportive of Joseph King are also libel under the doctrine of respondeat superior. Wherefore, plaintiff demands judgment against all the defendants joint and severally, for actual, general,

---

[2] "Punitive damage are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive, intent, or where it involver reckless or callous indifference to plaintiff's Federally protected rights, Smith v. Wade 461.U.S. 30,50-51(1983); Clark v. Taylor, 71 0 F.2d 4, 14 (1st circuit 1983) miga, supra at 355

special, compensatory damages in the amount of $5,000,000, and further demands judgment against each of said defendants, joint and severally, for punitive damages in the amount to be determined at the time of trial to be just, fair, and appropriate, plus the cost of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**Count 3: Violation of 42 U.S.C. 1983: unwarranted search and seizure**

60. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

61. In 1985, The U.S. Supreme Court in Tennessee v. Garner held that police shootings under the authority of laws and policies that allowed officers to use deadly force to apprehend unarmed fleeing suspects violated the Fourth Amendment of the U.S. Constitution which protects against unwarranted search and seizures.

62. The plaintiff was unarmed.

63. As a result of his shooting the plaintiff, defendant police officer Joseph King deprived the plaintiffs guaranteed rights against unwarranted search and seizure as guaranteed by the fourth amendment of United States Constitution and 42 U.S.C. 1983.

64. Defendants City of Boston, Boston Police Department, Boston Mayor Thomas Menino, past and present Police Commissioners Paul Evans, Kathleen O'Toole, and John Does, and who were/are supervisors of defendant officer Joseph King are liable as a result of their failure to supervise, train, discipline defendants on an on going basis, and for their failure to promulgate and enforce policy's and customs to curtail the wanton conduct of officer Joseph King. Wherefore, plaintiff demands judgment against all the defendants, joint severally for actual, general, special, and compensatory damages in the amount of $5,000,000, and further demands judgment against each of said defendants, joint and severally for punitive damages in the amount to be determined at the time of trial to be just, fair, and appropriate, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and fair.

**Count 4: 42 U.S.C. 1983: Refusing or neglecting to prevent.**

65. Plaintiff repeats and re-alleges and incorporates by reference the allegations in incorporates by reference the allegations in paragraphs 1-55 above and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

66. At all times relevant to this complaint, defendant officer Joseph King as a police officer of the Boston Police Department were acting under the direction and control of Defendants Boston Mayor Thomas Menino, City of Boston, Boston Police Department, and John Does.

67. Acting under the color of law and pursuant to official policy or custom defendants City of Boston, Boston Police Department, Boston Mayor Thomas Menino, John Does knowingly recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendant police officers in their duties to refrain from:

    (a) Conspiring to violate the rights privileges, and immunities guaranteed to plaintiff by the U.S. Constitution, laws of the U.S., and the laws of the Commonwealth of Massachusetts.

    (b) Otherwise depriving plaintiff of his constitutional and statutory rights, privileges, and immunities.

68. Defendants City of Boston, Boston Police Department, Mayor Thomas Menino, John Does had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge of the wrongs that would result, as heretofore alleged were about to be committed. Defendants City of Boston, Boston Police Department, Mayor Thomas Menino, John Does had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

69. Defendants City of Boston, Boston Police Department, Boston Mayor Thomas Menino, John Does directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described.

70. The Boston Police Department changed its policy on the use of deadly for within months after the defendant Joseph King shot the plaintiff.

71. Had the new policy been in effect at the time of the shooting in this case, the shooting probably would not have taken place.

72. Defendants City of Boston Police Department, Boston Mayor Thomas Menino, Boston Past Police Commissioner Paul Evans and present Police Commissioner Kathleen O'Toole, John Does who were/are supervisors of defendant of defendant officer Joseph King are liable as a result of their failure to supervise, train, discipline defendants on an on going basis, and for their failure to promulgate and enforce policy's and customs to curtail the wanton conduct of officer Joseph King.

73. As a direct and proximate cause of the negligent and intentional acts of defendants City of Boston, Boston Police Department, and Boston Mayor Thomas Menino as set forth in paragraphs 57 through 63 above, Plaintiff suffered serious physical, psychological, and neurological injuries and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the fifth, and fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. 1983.
Wherefore, plaintiff demands judgment against all of the defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $5,000,000 and further demands judgment against each of the said defendants, jointly and severally, for punitive damages in the amount to be determined at the time of trial to be just, fair, and appropriate, plus the costs of this action including attorney's fees, and such other relief deemed to be just and fair.

**Count 5: Violation of Mass. Civil Rights Act. M.G.L. c. 12 sec. 11H**

74. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraph 1 through 64 above and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

75. At all times relevant herein, the conducts of all defendants were subject to the Massachusetts Civil Rights Act.

76. Defendant Boston police officer Joseph King interfered with or attempted to interfere by threats,[3] multiple intentional discharges of (intimidation) a firearm, and injuring the plaintiff with plaintiff's exercise and enjoyments of his rights- e.g. his rights to his liberty, to be free of cruel and unusual punishment, and due process – secured by the State and Federal Constitutions or laws of the U.S.A. or the Commonwealth of Massachusetts[4].

77. Thus, under color of state, the plaintiff's liberty was threatened, and he was intimidated.

78. Defendants, City of Boston, Boston Police Department, past Boston Police Commissioner Paul Evans, present Boston Police Commissioner Kathleen O'Toole, John Does who were/are supervisors of defendant police officer Joseph King are liable as a result of their failure to supervise, train, discipline defendants on an on going basis, and for their failure to promulgate and enforce policy's and customs to curtail the wanton conduct of officer Joseph King.

79. As a direct and proximate result of the conduct of the defendants, the plaintiff was threatened, intimidated, and put in continuing anxiety, and extreme emotional distress and has suffered damages including but not limited to the aforesaid damages. Wherefore, the plaintiff demands judgment against defendants for injunctive relief, and actual, special, and compensatory damages, jointly and severally, in the amount of

---

[3] "Under the MCRA", a 'threat'…. involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm 'intimidation' involvers putting in fear for the purpose of compelling or deterring conduct…. Sarvis v. Boston Safe deposit & Trust Co. 47 Mass.APP.CT 86 (1999) a noting Planned Parenthood League of Mass. Inc. v. Blake, 417 Mass. 467, cert. denied 513 U.S. 868 (1994). There must also be evidence of "actual or potential physical confrontations involving a threat of harm." Id. At 473 n.8, through the confrontation may involve third persons and the threat of harm need not be directed at the plaintiff. See Redgrave v. Boston Symphony Orchestra, 399 MASS. At 100-101 (potential physical harm to audience and orchestra members by third persons protesting plaintiff's political views is a confrontation within the MCRA) a plaintiff is not required to prove a specific intent to threaten intimidate or coerce for the purpose of interfering with a secured right. Id at 99-100.

$5,000,000 and further demands judgment against each of the said defendants, jointly and severally, for punitive damage4s in the amount to be determined at the time of trial to be just, fair, and appropriate plus the costs of this action including attorney fees, as such other relief deemed to be just and fair.

**Count 6: assault**

80. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraph 1 through 70 above and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

81. Plaintiff is a reasonable person.

82. Defendant Boston police officer Joseph King intentionally created an apprehension of immediate physical harm by means of use of deadly force, to wit, intentionally discharging a firearm multiple times for no know purpose other than to create in the plaintiff an apprehension of immediate physical harm.[5]

83. Any reasonable person would also become apprehensive in the face of defendants brutally threatening conduct.

84. Defendants, City of Boston, Boston Police Department, Boston Mayor Thomas Menino, Boston Police Commissioner past Paul Evans and present Boston Police Commissioner Kathleen O'Toole, John Does who were/are defendant officer King's supervisors are liable under the doctrine of respondeat superior.
Wherefore the plaintiff demands judgment against all defendants, jointly and severally, for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate.

**Count 7: battery**

85. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1-75 above and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

---

[4] Rogan v. Menino, 973 F. supp 72, 77 (D. Mass. 1997)
[5] Nolan v. Sartorio, 37 M.P.S. Torts, sec 12, p. 6 (2d 1989 and 1993) supp.l) Restatement (second) Torts, sec. 21.

86. Without the consent of the plaintiff, defendant officer Joseph King touched the plaintiff by shooting him in the head[6] causing serious injuries.

87. Defendants, City of Boston, Boston Police Department, Boston Mayor Thomas Menino, Boston Police Commissioner past Paul Evans and present Boston Police Commissioner Kathleen O'Toole, John Does who were/are defendant officer King's supervisors are liable under the doctrine of respondeat superior.
Wherefore the plaintiff demands judgment against all defendants, jointly and severally, for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate.

**Count 8: Intentional infliction of emotional distress.**

88. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 78 above with the same force and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

89. Defendants intentionally and deliberately inflicted emotional distress on the plaintiff by intentionally and unlawfully discharging a firearm aimed directly at the plaintiff, abusing a lawful process by un lawful purpose, or by violating plaintiff's constitutional rights, or by interfering with plaintiffs state civil rights by threats, and/or by threats, and/or intimidation, or knew that emotional distress was the likely result of their conduct.

90. Defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

91. The actions of the defendants were and are the cause of plaintiff's distress.

92. The emotional distress sustained by plaintiff was severe and of a nature that no reasonable man could be expected to endure.[7]

93. As a result of defendants' extreme and outrageous conduct, plaintiff was, is and with a high degree of likelihood will continue to be emotionally distressed due to the intentional exclusion.[8]

---

[6] Waters v. Blackshear, 412 Mass. 589, 590-591 (1992)
[7] Agis v. Howard Johnson Co. 371 MASS. 140, 145, (1976)

94. Defendants, City of Boston, Boston Police Department, Boston Mayor Thomas Menino, Boston Police Commissioner past Paul Evans and present Boston Police Commissioner Kathleen O'Toole, John Does who were/are defendant officer King's supervisors are liable under the doctrine of respondeat superior.

95. As a result of the defendants' extreme and outrageous conduct, plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

Wherefore plaintiff demands judgment including interest, jointly and severally, for actual, general, special, and compensatory damages against all defendants to the amount $5,000,000.

**Count 9: Violation of 42 U.S.C. 1983: Police misconduct/malicious abuse of process**

96. Plaintiff repeats, re-allegations in paragraphs 1 through 86 above with the same force and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

97. Defendant officer Joseph King in violation of 42 U.S.C. 1983 unlawfully intentionally discharged his firearm multiple times and shot the plaintiff in the head.

98. This was a clear case of misconduct/malicious abuse of process.

99. The plaintiff was unarmed, and in a stopped motor vehicle when he was shot (See Exhibit1).

100. The plaintiff posed no imminent threat of danger when defendant officer Joseph King discharged his firearm. (See exhibit 1)

101. The use of the firearm in this matter by defendant officer Joseph King would be considered police misconduct/malicious abuse of process. Less extreme means were available.[9]

---

[8] "Extreme and outrages conduct" is not required if the emotional distress resulted from the commission of another tort. American Velodur Metal, Inc. v. Schinabek.20 Mass. App.ct.460, 470-471 ((1985)

[9] According to international human rights standards. "Law enforcement officials shall not use firearms except in self defense or defense of others against the imminent threat of death or serious injury, to prevent perpetration of a particularly serious crime involving grave threat to life, to arrest a person presenting such a danger and resisting their authority, or to prevent his or her escape, and only when less extreme means are insufficient to achieve those objections. In any event, intentional lethal use of firearms may only be made when strictly unavoidable to protect life." Principal 9, basic principals on the use of force and firearms by law enforcement officials, UN Doc. Alconf.144/28/Rev. 1(1990)

102. As a result of their <u>police misconduct/malicious abuse of process</u>, defendants officer Joseph King deprive plaintiff's right to liberty, freedom against cruel and unusual punishment, state civil rights, in violation of fourth, fifth, sixth, eighth, and fourteenth amendments of the U.S. Constitution, 42 U.S.C.§1983.

103. Defendants, City of Boston, Boston Police Department, Boston Mayor Thomas Menino, Boston Police Commissioner past Paul Evans and present Boston Police Commissioner Kathleen O'Toole, John Does who were/are defendant officer King's supervisors are liable as a result of their failure to supervise, train, discipline defendants on an on going basis, and for their failure to promulgate and enforce policy's and customs to curtail the wanton conduct of officer Joseph King.

Wherefore, plaintiff demands judgment against all defendant's jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demand judgment of said defendants, jointly and severally, for punitive damages in the amount deemed at time of trial to be fair, just, and appropriate plus the costs the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

**Count 10: Reserved for negligence (until 6 months after presentment)**

104. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in <u>Paragraph 1 through 94</u> above and <u>exhibits 1,2, 3, 4 and 5</u> with the same force and effect as if here in set forth.

105. Defendants City of Boston, Boston Mayor Thomas Menino, Boston Police Department, John Does owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the unlawful intention discharging of a firearm.

106. In the months following this policy, the Boston Police Department changed their policy n the use of deadly force.

107. Had the defendants previously implemented this policy, it is likely the shooting would never have taken place.

108. Defendant officer Joseph King owed a duty to act according to the standard of ordinary care of a police officer, to wit. Whereas the plaintiff was not in immanent threat at the

time of the shooting, the officer should have used less extreme actions, the failure of which was the proximate cause of plaintiff's injury.

109. Defendants City of Boston, Boston Police Department, Boston Mayor Thomas Menino, past Commissioner Paul Evans, Kathleen O'Toole who is presently the Boston Police Commissioner, and John Does breached their duty by failing to act as ordinary officials would act, to wit, by failing to perform their duties, and by falling adequately to control and to supervise his officers.

110. As a result of these breaches, which were the proximate causes of plaintiff's injuries, plaintiff suffered harm and damages.

111. Defendants City of Boston Police Department, Boston Mayor Thomas Menino, Boston Past Police Commissioner Paul Evans and present Police Commissioner Kathleen O'Toole, John Does who were/are supervisors of defendant of defendant officer Joseph King are liable under the doctrine of responeat superior.

Wherefore, plaintiff demands judgment for the cruel and unusual punishment against all the defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $5,000,000, and further demands judgment against each of said defendants, jointly and severally for punitive damages [10] in the amount deemed at time of trial to be just, fail, and appropriate, plus the cost of the action, including attorney's fees, and such other relief deemed to be just and equitable

**Count 11: Reservered for negligent infiliction of emotional distress until 6 months after presentation**

112. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1 through 102 above with the same force and exhibits 1,2, 3, 4 and 5 with the same force and effect as if herein set forth.

113. Defendants negligently inflicted emotional distress on the plaintiff.

114. Defendants had an affirmative duty to perform their professional services in such a manner as not to inflict emotion distress on the plaintiff.

---

[10] "Punitive damage are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive, intent, or where it involver reckless or callous indifference to plaintiff's Federally protected rights, Smith v. Wade 461.U.S. 30,50-51(1983); Clark v. Taylor, 71 0 F.2d 4, 14 (1st circuit 1983) miga, supra at 355

115. Defendants breached their duties to the plaintiff.

116. The plaintiff never interfered with the defendants' obligation under the above-described duties.

117. The plaintiff suffered not only physical symptoms, but also as a consequence of the physical injury, mentally by defendants' breach of duty.

118. Defendants, City of Boston, Boston Police Department, Boston Mayor Thomas Menino, Boston Police Commissioner past Paul Evans and present Boston Police Commissioner Kathleen O'Toole, John Does who were/are defendant officer King's supervisors are liable under the doctrine of respondeat superior.

119. As a result of the defendants' negligent conduct, plaintiff has suffered from and will continue to suffer physical symptoms, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

Wherefore, plaintiff demands judgment for the cruel and unusual punishment against all the defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $5,000,000, and further demands judgment against each of said defendants, jointly and severally for punitive damages [11] in the amount deemed at time of trial to be just, fail, and appropriate, plus the cost of the action, including attorney's fees, and such other relief deemed to be just and equitable

\* Plaintiff demands jury trial on all counts and claims.

Respectfully submitted on May 11, 2005,


Robert David Beckley, PRO SE

*/s/*

Send all correspondence to mailing
Address: Robert David Beckley, Pro Se
   277 Concord Rd.
   Bedford, MA 01730

---

[11] "Punitive damage are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive, intent, or where it involver reckless or callous indifference to plaintiff's Federally protected rights, Smith v. Wade 461.U.S. 30,50-51(1983); Clark v. Taylor, 71 0 F.2d 4, 14 (1st circuit 1983) miga, supra at 355