UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT DAVID BECKLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-10909 RWZ |
| | ) | |
| BOSTON POLICE OFFICER JOSEPH | ) | |
| KING, | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT JOSEPH KING'S ANSWER
TO 3rd AMENDED COMPLAINT**

Defendant Joseph King ("defendant") responds to plaintiff's 2nd Amended Complaint, by

corresponding paragraph number, as follows:

<u>Introduction</u>

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegation the first sentence of the introduction.  The allegations set forth in the remainder

of the introduction are descriptive of the plaintiff's causes of action, for which no response is

required, and to the extent a response is required, denied.

<u>Jurisdiction</u>

1.      The allegations set forth in paragraph 1 are descriptive of the plaintiff's basis for

invoking the jurisdiction of this Court for which no response is required, and to the extent a

response is required, denied.

2.      The allegations set forth in the first sentence of paragraph 2 are descriptive of the

plaintiff's basis for invoking the jurisdiction of this court over pendant claims, for which no

response is required, and to the extent a response is required, denied.  Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

Parties

3.      Defendant admits that plaintiff is a natural person; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4.      Defendant admits the allegations in the first sentence of paragraph 4.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 4.  Defendant admits that he, Thomas Menino, and Kathleen O'Toole are employed by the City of Boston and that Paul Evans is a former employee of the City of Boston, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous.

5.      Defendant admits that Mayor Thomas Menino is the elected mayor of the City of Boston, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.      Defendant admits the allegation in the first sentence of paragraph 6.  Defendant admits that he and Kathleen O'Toole are employed by the Boston Police Department and that Paul Evans is a former employee of the City of Boston, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.      Defendant admits that Kathleen O'Toole is employed by the Boston Police Department and is the Police Commissioner; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      Defendant admits that Paul Evans was a former Police Commissioner and employee of the City of Boston; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.      Defendant admits the allegations in paragraph 9, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     The allegations in paragraph 11 are descriptive of the plaintiff's intention to sue defendants in their individual and official capacities, for which no response is required, and to the extent a response is required, denied.

12.     The allegations in paragraph 12 are too vague and ambiguous to allow a response and therefore defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

13.     Defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

14.     Defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

15.     Defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

16.     Defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

17.     Defendant admits that plaintiff committed the criminal offense of leaving the scene of an accident; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17.

18.     Defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

19.     Defendant admits that plaintiff did not stop at numerous red lights and drove the wrong way on one way streets; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 19.

20.     Defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

21.     Defendant denies the allegations in the first sentence of paragraph 21; further answering, Defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

22.     The allegations in paragraph 22 are too vague and ambiguous to allow a response, but to the extent that plaintiff is alleging that he was shot in the head by defendant when he was sitting in a car that was not moving, denied; further answering, defendant admits that he is employed by the City of Boston and that he was working as an on duty police officer at approximately 9 p.m.

23.     Denied.

24.     The allegations in paragraph 24 are too vague and ambiguous to allow a response and, and on those bases, defendant neither admits nor denies the allegations in this paragraph.

25.     The allegation in paragraph 25 is too vague and ambiguous to allow a response because plaintiff does not specify a timeframe and, therefore, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

26.     Defendant denies the allegation in paragraph 26 as it is written; further answering, defendant states that plaintiff received adequate warning that he was engaged in illegal, dangerous conduct.

27.     Denied.

28.     Admitted.

29.     Denied.

30.     Defendant denies the allegations in paragraph 30, pointing out that the term "shooting position" is vague and ambiguous.

31.     Defendant admits that a document purporting to be a witness interview is attached to the complaint and states that the document speaks for itself; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     The allegations in paragraph 33 advance legal conclusions for which no response is required, and to the extent a response is required, denied; further answering, defendant states that the decision cited by plaintiff speaks for itself.

34.     Defendant admits that the Boston Police Department revises its policies from time to time, including those governing the use of deadly force; further answering, defendant states that

the term "within a few months" is vague and ambiguous and on those bases, denies the remaining allegations in paragraph 34.

35.     Defendant admits that Massachusetts General Hospital is located in Boston, Massachusetts, but states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 40.  Defendant denies that his conduct was the cause of any financial loss plaintiff may have experienced and states, instead, that any financial loss was the result of plaintiff's own illegal conduct; further answering, defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 40.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.    Denied.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

The allegations in the next sentence are not applicable to defendant and the Court has dismissed plaintiff's claims against the City of Boston; on those bases, no response is required; to the extent a response is required, denied.

**Count I: Violation of 42 U.S.C. § 1983: Cruel and Unusual Punishment**

47.    Defendant repeats and incorporates his answers to paragraphs 1 to 46, above, as if fully set forth herein.

48.    Denied.

49.    Defendant states that the allegations in paragraph 49 do not require a response, and to the extent a response is required, denied.

50.    Denied.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.    The Court has dismissed plaintiff's claims against the City of Boston, the Boston Police Department, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 52 do not require a response; to the extent a response is required, denied.

53.     Defendant denies that he engaged in extreme or outrageous conduct; further answering, defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and that any harm he may have suffered was the result of his own criminal conduct.

54.     The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 54 do not require a response; to the extent a response is required, denied.

55.     Denied.

The next paragraph of plaintiff's complaint concerns his prayer for relief and, therefore, do not require a response, to the extent a response is required, denied.

**Count 2: Violation of 42 U.S.C. § 1983: Excessive use of force**

56.     Defendant repeats and incorporates his answers to paragraphs 1 to 55, above, as if fully set forth herein.

57.     The allegations in paragraph 57 advance legal conclusions to which no response is required, and to the extent a response is required, denied.

58.     Denied.

59.     The Court has dismissed plaintiff's claims against the City of Boston, the Boston Police Department, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in the first sentence of paragraph 59 do not require a response; to the extent a response is required, denied.  The remaining allegations in paragraph 59 concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 3: Violation of 42 U.S.C. § 1983: unwarranted search and seizure**

60.      Defendant repeats and incorporates his answers to paragraphs 1 to 59 above, as if fully set forth herein.

61.      The allegations in paragraph 61 advance legal conclusions for which no response is required, and to the extent a response is required, denied; further answering, defendant states that the decision cited by plaintiff speaks for itself.

62.      The allegation in paragraph 62 is vague and ambiguous because plaintiff does not specify a time frame and on those bases, defendant states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

63.      Denied.

64.      Defendant denies that he engaged in wanton conduct; further answering, defendant states that the Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the remaining allegations in the first sentence of paragraph 64 do not require a response; to the extent a response is required, denied. The remaining allegations in paragraph 64 concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 4: 42 U.S.C. § 1983: Refusing or neglecting to prevent**

65.      Defendant repeats and incorporates his answers to paragraphs 1 to 64 above, as if fully set forth herein.

66.      The allegations in paragraph 66 advance legal conclusions for which no response is required, and to the extent a response is required, denied, pointing out that the phrase "at all times relevant to this complaint" is vague and ambiguous.

67.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 67 do not require a response; to the extent a response is required, denied.

68.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 68 do not require a response; to the extent a response is required, denied.

69.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 69 do not require a response; to the extent a response is required, denied.

70.    Defendant admits that the Boston Police Department revises its policies from time to time, including those governing the use of deadly force; further answering, defendant states that the term "within months" is vague and ambiguous and on those bases, denies the remaining allegations in paragraph 70.

71.    The allegation in paragraph 71 is a statement based only on conjecture and on that basis is denied.

72.    Defendant denies that he engaged in wanton conduct; further answering, defendant states that the Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the remaining allegations in paragraph 72 do not require a response; to the extent a response is required, denied.

73.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 73 do not require a response; to the extent a response is required, denied.

The next paragraph of plaintiff's complaint concerns his prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

## Count 5: Violation of Mass. Civil Rights Act M.G.L. c. 12, § 11H

74.     Defendant repeats and incorporates his answers to paragraphs 1 to 73 above, as if fully set forth herein.

75.     The allegations in paragraph 75 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

76.     Denied.

77.     Denied.

78.     Defendant denies engaging in wanton conduct; further answering, defendant states that the Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the remaining allegations in paragraph 78 do not require a response; to the extent a response is required, denied.

79.     Denied.

The next paragraph of plaintiff's complaint concerns his prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

## Count 6: assault

80.     Defendant repeats and incorporates his answers to paragraphs 1 to 79 above, as if fully set forth herein.

81.     Denied.

82.     Denied.

83.     Defendant denies that plaintiff was subjected to "brutally threatening conduct" and on that basis, the remaining allegations in paragraph 83 are denied.

84.     The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas

Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 84 do not

require a response; to the extent a response is required, denied.

The next paragraph concerns plaintiff's prayer for relief, for which no response is required; to the

extent any response is appropriate, defendant denies that plaintiff is entitled to any of the relief

requested.

**Count 7: battery**

85.     Defendant repeats and incorporates his answers to paragraphs 1 to 84 above, as if fully

set forth herein.

86.     The allegations in paragraph 86 regarding consent and whether plaintiff was "touched"

advance legal conclusions for which no response is required, and to the extent a response is

required, denied; further answering, defendant states that he is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

87.     The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas

Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 87 do not

require a response; to the extent a response is required, denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for

which no response is required; to the extent any response is appropriate, defendant denies that

plaintiff is entitled to any of the relief requested.

**Count 8: Intentional infliction of emotional distress**

88.     Defendant repeats and incorporates his answers to paragraphs 1 to 87 above, as if fully

set forth herein.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92; further answering, defendant denies that plaintiff is a reasonable man and states that any harm plaintiff may have suffered was caused by his own illegal conduct.

93.     Defendant denies engaging in extreme or outrageous conduct and states that any harm plaintiff may have suffered was caused by his own illegal conduct; on those bases, the allegations in paragraph 93 are denied; further answering, defendant points out that the term "intentional exclusion" is vague and ambiguous.

94.     The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 94 do not require a response; to the extent a response is required, denied.

95.     Denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 9: Violation of 42 U.S.C. § 14141: Police Misconduct**

96.     Defendant repeats and incorporates his answers to paragraphs 1 to 95 above, as if fully set forth herein.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Denied.

101.    Denied.

102.    Defendant denies that he engaged in misconduct; further answering, the remaining allegations in paragraph 102 advance legal conclusions and, therefore, no response is required, and to the extent a response is required, denied.

103.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 103 do not require a response; to the extent a response is required, denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 10: Reserved for negligence (until 6 months after presentment)**

104.    Defendant repeats and incorporates his answers to paragraphs 1 to 103 above, as if fully set forth herein.

105.    Defendant denies that there was an "unlawful intention[al] discharging of a firearm"; further answering, defendant states that the Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the remaining allegations in paragraph 105 do not require a response; to the extent a response is required, denied.

106.    Defendant admits that the Boston Police Department revises its policies from time to time, including those governing the use of deadly force and admits that its policy regarding the use of deadly force was changed at some point after May 2002.

107.    The allegation in paragraph 107 is a statement based only on conjecture and on that basis is denied.

14

108.    Defendant denies that plaintiff was not an imminent threat; further answering, defendant states that the remaining allegations in paragraph 108 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

109.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 109 do not require a response; to the extent a response is required, denied.

110.    The allegations in paragraph 110 advance legal conclusions for which no response is required, and to the extent a response is required, denied.

111.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 111 do not require a response; to the extent a response is required, denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

**Count 11: Reserved for negligent infliction of emotional distress until 6 months after presentation**

112.    Defendant repeats and incorporates his answers to paragraphs 1 to 111 above, as if fully set forth herein.

113.    Denied.

114.    The allegations in paragraph 114 advance a legal conclusion for which no response is required, and to the extent a response is required, denied.

115.    The allegations in paragraph 115 advance a legal conclusion for which no response is required, and to the extent a response is required, denied.

116.    The allegations in paragraph 116 are vague and ambiguous, but to the extent plaintiff is alleging that he did not contribute to the circumstances that resulted in his injury, denied.

117.    Defendant denies that he breached any duty he owed to plaintiff and on that basis, denies the allegations in paragraph 117.

118.    The Court has dismissed plaintiff's claims against the City of Boston, Mayor Thomas Menino, Kathleen O'Toole, and Paul Evans, therefore, the allegations in paragraph 118 do not require a response; to the extent a response is required, denied.

119.    Denied.

The allegations in the next paragraph of the complaint concern plaintiff's prayer for relief, for which no response is required; to the extent any response is appropriate, denied.

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury on all counts of plaintiffs' complaint so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred, wholly or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

The Complaint is barred, wholly or in part, by the doctrine of laches.

### Fourth Affirmative Defense

Defendant is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because he did not violate any of plaintiff's clearly established statutory or constitutional rights.

### Fifth Affirmative Defense

Defendant is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because all of his actions were objectively reasonable.

### Sixth Affirmative Defense

Defendant is entitled to qualified immunity under 42 U.S.C. § 1983 and under the Massachusetts Civil Rights Act because a reasonable police officer in his position would not have believed that his actions violated any of plaintiff's clearly established rights.

### Seventh Affirmative Defense

As a police officer, defendant is immune from liability in his official capacity.

### Eighth Affirmative Defense

Defendant's actions were lawful because he had reasonable cause for his conduct.

### Ninth Affirmative Defense

Defendant's actions were lawful because he had probable cause for his conduct.

### Tenth Affirmative Defense

Defendant, in whole or in part, is immune from liability for his conduct because he had a good faith belief in the legality of his conduct.

### Eleventh Affirmative Defense

Defendant cannot be found liable for common law torts because plaintiff failed to comply with the presentment requirements of G.L. c. 258.

### Twelfth Affirmative Defense

Plaintiff's injuries, if any, were brought about as a result of his own criminal conduct.

### Thirteenth Affirmative Defense

No action or inaction on the part of defendant was the legal or proximate cause of any alleged violation of the plaintiff's clearly established constitutional rights.

### Fourteenth Affirmative Defense

Plaintiff has not alleged a viable claim under the 8th Amendment for cruel and unusual punishment.

### Fifteenth Affirmative Defense

Defendant has not been deprived of any rights, privileges, or immunities guaranteed under the Constitutions or laws of the United States or the Commonwealth of Massachusetts.

### Sixteenth Affirmative Defense

By statute, defendant cannot be held liable for common law torts.

### Seventeenth Affirmative Defense

Plaintiff failed to mitigate his damages.

### Eighteenth Affirmative Defense

Plaintiff has not alleged a viable claim under the 4th Amendment for unreasonable search and seizure.

### Nineteenth Affirmative Defense

No action or inaction on the part of defendant was the legal or proximate cause of any alleged damages plaintiff claims.

### Twentieth Affirmative Defense

Defendant did not breach any duty of care owed to plaintiff.

Defendant reserves the right to amend his Answer and add additional affirmative defenses as discovery and investigation may warrant.

**WHEREFORE**, Defendant requests this Court to dismiss this action in its entirety and enter judgment, with costs and attorneys' fees, for the defendant together with such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

JOSEPH KING,

By His Attorneys,

Walter B. Prince (BBO #406640)
Joseph L. Edwards, Jr. (BBO #564288)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

Dated:  July 18, 2005.

## CERTIFICATE OF SERVICE

I, Joseph L. Edwards, Jr., hereby certify that I have served a copy of the foregoing document on Robert David Beckley by mailing the same to him at 277 Concord Rd., Bedford, MA, 01730 this 18th day of July, 2005.