UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————
ROBERT DAVID BECKLEY,                    )
               Plaintiff,        )
                       )
v.                                                         )        C.A. No. 04-10909 RWZ
                       )
BOSTON POLICE OFFICER JOSEPH       )
KING,                                                   )
               Defendant.      )
———————————————————)

## MEMORANDUM IN SUPPORT OF DEFENDANT JOSEPH KING'S MOTION TO DISMISS

## INTRODUCTION

Defendant Joseph King respectfully requests this Court to dismiss the above-captioned case with prejudice and enter final judgment in his favor. Plaintiff Robert David Beckley has failed to prosecute his claims in accordance with Rule 41(b) and he has failed to comply with Local Rule 83.5.2(e), which requires him to keep the Court apprised of his most recent address. Counsel for defendant has learned that plaintiff, who was incarcerated in the federal prison system at the time he filed his complaint, has escaped and that his current whereabouts are unknown. See Affidavit of Joseph L. Edwards, Jr., ¶¶ 6 & 7 (hereinafter "Edwards Aff."), which is attached hereto as Exhibit 1. As plaintiff has failed to prosecute his claims and otherwise failed to comply with the Federal Rules of Civil Procedure, his claim should be dismissed.

## FACTS

1.      On May 4, 2004, plaintiff filed a complaint in which he made various allegations against the City of Boston, Mayor Thomas Menino, the Boston Police Department, the City of Boston, former Police Commissioner Paul Evans, former Police Commissioner Kathleen O'Toole, Officer Joseph King, and several John Does. Among

1010529v1

other things, plaintiff claims that on the evening of May 10, 2002, defendants violated his civil rights and caused him harm by committing various statutory violations and common law torts.

2.      Officer King answered the complaint and denied any wrongdoing.  All actions taken by Officer King were justified by his need to safeguard the public from plaintiff's reckless, unlawful actions (driving) that threatened the lives of innocent pedestrians and other members of the public.  Edwards Aff., ¶ 3.

3.      All defendants, with the exception of Officer King, have been dismissed from this action.

4.      At the time the plaintiff filed his Compliant, he was incarcerated in a Federal Penitentiary.  Plaintiff notified all parties that he should be served with documents related to this case c/o Karen Beckley, 277 Concord Road, Bedford, MA 01730.

5.      Plaintiff has taken no action in this case since May 18, 2005.

6.      On March 15, 2007, the undersigned counsel reviewed the Federal Bureau of Prisons website to determine whether plaintiff was still incarcerated.  Edwards Aff., ¶ 6. The website indicated that plaintiff's status was "escape".  <u>See</u> <u>id.</u> and web page that is attached thereto.  Counsel subsequently telephoned and spoke with Judith A. Leggett, Esquire, counsel in <u>Beckley v. Browning Ferris Industries</u>, C.A. No. 04-10906-RWZ.[1] <u>Id.</u> Ms. Leggett detailed her attempts and ultimate inability to contact plaintiff in regard to that case.  <u>See</u> <u>id.</u> and the Affidavit of Judith A. Leggett, which is attached thereto.

---

[1] Plaintiff's allegations in that case also arose out of his reckless, unlawful behavior on the evening of May 10, 2002.

7.      More importantly, Ms. Leggett detailed her discussion with plaintiff's mother, who said that plaintiff had escaped from a half way house and that his current whereabouts were unknown.  Id.

8.      The Court has closed <u>Beckley v. Browning Ferris Industries</u> because of plaintiff's failure to prosecute his claims.

9.      Officer King requests an order closing the case with prejudice and entering a final judgment in his favor.

## ARGUMENT

**I.      The plaintiff's Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).**

Under Federal Rules of Civil Procedure Rule 41(b), a defendant may move for dismissal of an action or of any claim against the defendant for the failure of the plaintiff to prosecute.  Fed. R. Civ. P. 41(b).  "In the First Circuit, a dismissal for failure to prosecute will be upheld where there is 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'"  <u>Schofield v. Maloney et al.</u>, 2000 U.S. Dist. LEXIS 3782 quoting <u>Cosme Nieves v. Deshler</u>, 826 F.2d 1, 2 (1st Cir. 1987).  The instant case was filed by the plaintiff over two years ago and has remained stagnate as to Officer King, due to the plaintiff's incarceration.  Subsequent to his release from prison, plaintiff fled the halfway house, which is assumed to be a pre-release program, and failed to notify defense counsel, the Court, and even his mother, as to how he may be contacted.  It is assumed that if and when plaintiff is located, he will again be incarcerated for an even longer period due to his flight from the half-way house.  The delay in this action caused

by the plaintiff's incarceration, escape, and an even longer delay should he be recaptured certainly constitutes an aggravating circumstance that militates in favor of dismissal.

Moreover, Officer King is irreparably prejudiced by plaintiff's failure to prosecute his claims. Plaintiff's deliberate decision to disappear has effectively prevented Officer King from defending the lawsuit against him. Without knowledge as to how to contact the plaintiff, there can be no defensive actions, no discovery from the plaintiff, no mediation, no settlement and no trial. More importantly, even if plaintiff is recaptured, Officer King faces the prospect of witness unavailability and their fading memories of an incident that occurred almost five (5) years ago.[2] Plaintiff should not be allowed to benefit by his unlawful escape from custody.

As a result of the plaintiff's failure to prosecute this action, the Complaint should be dismissed, and judgment entered on behalf of Officer King.

## II.    The plaintiff's Complaint should be dismissed for failure to comply with Local Rule 83.5.2(e).

Local Rule 83.5.2(e) for the U.S. District Court District of Massachusetts states:

> "Change of Address. Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of failure to mail delivery."

In <u>Schofield v. Maloney et al.</u>, the plaintiff filed his Complaint while he was in prison. Upon his release, the plaintiff filed a Notice of Change of Address with the

---

[2] In fact, one of the internal affairs officers of the Boston Police Department who investigated this case has already passed away. <u>See</u> Edwards Aff., ¶ 10.

Court.  The defendants attempted to serve the plaintiff at the new address, but service was returned with a notation that the plaintiff had moved without leaving a forwarding address.  The Court ruled that it would be unable to warn the plaintiff of its intention to dismiss his Complaint without a correct address.  The plaintiff's Complaint was dismissed for failure to comply with Local Rule 83.5.2 requiring notification of whereabouts as well as failure to comply with a court order under Fed. R. Civ. P. 41(b). Schofield v. Maloney et al., 2000 U.S. Dist. LEXIS 3782.

Here, plaintiff directed that correspondence be sent C/O Karen Beckley while he was in prison.  Prior to his release from prison, the plaintiff received correspondence sent to him via these means and responded to same.  See Leggett Aff.  Since his release from prison, it is believed the plaintiff has chosen not to receive correspondence at the address provided, and he has not responded to correspondence sent to this address.  Id.  Although the plaintiff is not receiving correspondence at this address, he has not filed a Notice of Change of Address indicating a new address where he is able to receive correspondence. The plaintiff has not notified the Court or the defendant of his whereabouts and therefore, his Complaint should be dismissed.

## CONCLUSION

For all of the reasons set forth above and in the Edwards and Leggett Affidavits, Defendant Joseph King respectfully requests this Court to dismiss all claims against him with prejudice and enter a final judgment in his favor.

Respectfully submitted,
JOSEPH KING,
By His Attorneys,

Joseph L. Edwards Jr.
Walter B. Prince (BBO #406640)
Joseph L. Edwards, Jr. (BBO #564288)
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street
Boston, MA 02114
(617) 456-8000

Dated: March 26, 2007.